**618    SUPREME COURT OF WISCONSIN,**

Kavanaugh and wife vs. The City of Janesville.

## KAVANAUGH AND WIEF VS. THE CITY OF JANESVILLE.

*Injuries to wife from defective highway : for what husband and wife may recover. — Presumption of negligence. — Conditional affirmance of judgment.*

1. The *law* does not presume negligence from the mere fact that a person injured in passing over a highway that was out of repair, had frequently passed over it and knew its condition; but the question of negligence in such a case is for the jury.

2. The verdict in this case (as to defect in highway and absence of contributory negligence) is supported by the evidence.

3. In action by husband and wife for injuries to the latter by reason of the insufficiency of a highway, recovery cannot be had for loss of her services, nor for the husband's expenses for nursing and medical attendance.

4. If recovery can be had under our statute for such loss and expense (which is not here decided), it can only be in an action by the husband alone.

5. A judgment including such loss and expense is affirmed on condition that plaintiffs remit a certain sum — being the highest amount which, under the evidence, could have been allowed for these items — and pay the costs in this court.

APPEAL from the Circuit Court for *Rock* County.

Action by *Kavanaugh and wife* for injuries to the latter, caused by a sidewalk and cross-walk being out of repair and unsafe. The circuit court gave the jury the following, among other instructions: "If the sidewalk and cross-walk where *Mrs. Kavanaugh* was injured, were not in proper condition for the reasonably safe passage of footmen, and the injury was caused by their defective and unsafe condition, the plaintiffs are entitled to recover, provided her negligence did not contribute to the injury. But if, by the exercise of ordinary care and prudence on her part, the injury might have been avoided — or, in other words, if her negligence contributed directly to the injury in any degree — then, although the walk and crossing were out of repair and unsafe for public use, the plaintiffs cannot recover. The questions

as to whether the walk and crossing were or were not in proper repair, and if not, whether the injury to *Mrs. Kavanaugh* was or was not the result thereof, and whether she was or was not free from negligence which contributed directly to such injury, are questions of fact to be determined by you from the evidence." The court also instructed the jury, that if they found for the plaintiffs they should include in the damages a reasonable compensation for the loss of the time of *Mrs. Kavanaugh* by reason of the injury, and for the necessary expenses of her care, nursing and medical treatment.

*John Winans*, for appellant, cited 6 Cush. 532; 8 Allen, 137; 4 Gray, 395; 8 Met. 442; 97 Mass. 258; 4 Allen, 557; 13 Gray, 346; 7 id. 100; 16 Pick. 189; and argued, among other things, that if the place in question was dangerous, *Mrs. Kavanaugh* must have known that fact, and was guilty of negligence or want of prudence in attempting to pass over it.

*Williams & Sale*, for respondent, as to the right to recover for loss of service of the wife, and expense of nursing and medical attendance, cited R. S: ch. 19, § 120, and ch. 122, § 15; 52 Maine, 536; 31 id. 299; 35 id. 89.

Cole, J. It appears to us, that it cannot, with any justice, be said, that the verdict in this case is unsupported by the evidence. For there certainly is considerable testimony from which the jury might well have found that the sidewalk and gutter, where the injury occurred, were in an unsafe and dangerous condition. If we reject entirely the testimony of the plaintiffs as to the condition of the walk, then the testimony of the other witnesses on the part of the plaintiffs would fully warrant the jury in finding that the injury to *Mrs. Kavanaugh* was caused by the defective and unsafe condition of the sidewalk and crossing. The witness Bull testifies, in effect, in several places, that the north end of the cross-walk "had been in a very rough condition for a long time;" that there were "stones lying in the gutter;" that "from

the top of the crossing, I should think, to the bottom, it was very uneven." Dodge says: "There was no bridge across the gutter, and there were some loose stones piled up to step on. If you stepped right, you could cross safely; if you stepped to one side, you upset the stones before you knew it;" and that it was "from eight to ten inches deep from the top of the cross-walk to the bottom of the gutter." Eager testified that "it was pretty bad getting across" the gutter, and that the witness Dodge had accurately stated the condition of the crossing at that place. It appears that, approaching the gutter from the north, the ground descended to the bottom of the gutter, where it was very uneven, and while *Mrs. Kavanaugh* was passing in that direction, she struck her foot against one of the pointed stones which were sticking in the ground, and fell, striking her head against the face of the stone cross-walk. The court directed the jury that if the injury was caused by the defective and unsafe condition of the sidewalk and crossing, while *Mrs. Kavanaugh* was passing along with ordinary care and prudence, then the city was liable. But the question whether the street was dangerous and unsafe in consequence of the condition of the walk and gutter, was fairly left to the jury upon the evidence; and it seems to us quite impossible to say that the verdict is unsupported by the proofs in the case. Indeed, the weight of testimony rather tends to show that the sidewalk and crossing at that place were not reasonably safe, and that the city had been guilty of negligence in permitting them to remain in that condition as long as it had. Nor do we think there is any ground for saying that she was guilty of negligence because she attempted to pass along the walk there, well knowing its dangerous condition. She was passing along with due caution — as we must assume after the verdict of the jury — one of the public streets of the city, which was defective and out of repair. She had passed there many times before safely, notwithstanding its dangerous condition, and because she

attempted to do so again, we are asked to hold, as a matter of law, that she was guilty of negligence that directly contributed to the injury. This we cannot do.

The court permitted the plaintiffs to give evidence, under objection, of the loss of time and services of the wife, and the expenses of nursing and medical attendance during her illness ; and instructed the jury that these were proper items of damages to be assessed in the action. This was error. *Barnes v. Martin*, 15 Wis. 240. If any recovery could be had for such damages under our statute, — a point we do not decide, — it could only be in a separate action brought by the husband. It is argued, in support of the rule of damages laid down by the court below, that unless these damages can be recovered in this action, brought in the name of the husband and wife, they cannot be recovered at all under the statute. Whether this is a proper construction of the statute or not, we will not now undertake to determine, since we are very clear that if such consequential damages are recoverable at all. they are only recoverable in a suit brought by the husband alone, and not in a joint action brought by the husband and wife. It must be admitted, that if there is any remedy for such injuries, it is given by the statute, and cannot be asserted beyond its provisions. And if it be true that the husband cannot recover upon the statute for the loss of the services of the wife, and for the expense of nursing and medical aid, rendered necessary in consequence of an injury sustained by her through a defect in a sidewalk, then it seems to us plain that no recovery whatever can be had for such damages. The inconsistency in holding that the husband cannot recover upon the statute for such resulting damages in an action in his own name, and then permitting them to be recovered in an action brought by the husband and wife, is very forcibly stated by Judge BASSETT in the opinion in *Whitcomb v. Barre*, 37 Vermont, 148.

Kavanaugh and wife vs. The City of Janesville.

In this case we have had considerable doubt whether a new trial should not be ordered, on account of the excessive damages in the verdict. As we understand the evidence, the highest amount which the jury could possibly assess for loss of the services of the wife, and the expense of medical aid, was the sum of $80.75. This was the estimate of the plaintiff *Kavanaugh* himself; and it is not to be assumed that the jury gave him more damages than he testified that he had sustained in these particulars. We have therefore concluded to affirm the judgment, providing the respondents will remit the sum of $80.75, and pay the costs in this court. Where the excess is clearly ascertainable, and the amount of damages can be readily fixed by the application of a settled rule of law to the evidence, we have, in some cases, allowed the plaintiff to remit the excess, and then affirmed the judgment. And if the amount paid for medical attendance, $18.75, the sum paid the niece, $30, and $32 for say four months during which the wife was unable to attend to her household duties, allowing two dollars a week for her services, be deducted from the judgment, the city will have no ground to complain. And the plaintiffs can remit the aggregate of these several items, and pay the costs in this court, or there must be a new trial.

*By the Court.* — So ordered.