McHugh vs. The Chicago & Northwestern Railway Company.

PRESUMPTIONS TO SUPPORT JUDGMENT. *(1) General rule. (2) Rule where there is no general verdict, and evidence not preserved. (3) Presumption as to contributory negligence. (4) Limitation of the rule.*
REVERSAL OF JUDGMENT. *(5) When excessive damages may be remitted.*

1. Every reasonable *presumption* will be made to support the judgment of a court of competent jurisdiction.
2. Where, on an appeal from a judgment for the plaintiff, the bill of exceptions *does not preserve the evidence*, and there is no *general* verdict, it will be presumed that all facts *alleged in the complaint*, and necessary to support the judgment, and not negatived by the special verdict, were proven.
3. In such a case, the action being for injuries alleged to have been caused

McHugh vs. The Chicago & Northwestern Railway Company.

by defendant's negligence, and an issue as to plaintiff's contributory negligence being raised by the pleadings but not determined by the verdict, it must be presumed that the evidence was such as would not have supported an affirmative finding upon that issue.

4. But it being alleged in the complaint that a part of plaintiff's land was burned over so as to injure the soil, and the bill of particulars filed by plaintiff specifying the amount of land so burned as "*about nine and a half acres*," and the jury having found that the injury to the land was $25 per acre, without finding expressly the number of acres thus injured, it cannot be presumed that plaintiff proved injury of that character to more than *nine and a half* acres of his land; and damages for that injury beyond $237.50 must be treated as excessive. *Farrell v. Drees*, decided herewith.

5. The excess in the damages allowed by the jury being readily computed, this court orders that the judgment be affirmed on condition that plaintiff remit such excess, and pay the costs of this appeal; otherwise, that it be reversed.

APPEAL from the Circuit Court for *Juneau* County.

This is an action to recover for the destruction of the plaintiff's property by a fire which originated on the land of the defendant company, and which, it is alleged, the defendant negligently allowed to spread upon the plaintiff's premises. The pleadings are substantially like those in the case of McNarra against the same defendant, (*ante*, p. 69), and the same fire caused the injuries complained of in that case.

On defendant's demand, plaintiff supplemented his complaint with the particulars of his claim, as follows:

1873.

| | | |
|---|---|---|
| Aug. 24. | Burning about 30 rods of fence, at $1.00 per rod....... | $30 00 |
| Aug. 24. | Burning about 9½ acres of meadow on E. ½, N. W. ¼ S. W. ¼, 19:15:2 ............................... | 333 00 |
| 1874. | | |
| May 9. | Burning 68 rods of fence, at $1.00 per rod ............. | 68 00 |
| | Total ........................................ | $431 00 |

There was no general verdict, but the jury found certain facts specially, in answer to questions submitted to them, as follows: "The jury impaneled herein find specially in answer to the succeeding questions relative to the alleged cause of

McHugh vs. The Chicago & Northwestern Railway Company.

action arising in August, 1873, as follows: 1. Did the defendant, by its agents and servants, exercise ordinary care and diligence in caring for and in efforts to extinguish the fire on its track, of which complaint is made herein, after being informed of such fire? A. No. 2. What was the value of the fence of the plaintiff, which was burned at the time complained of? A. $28. 3. What was the value of the ground burned, for which plaintiff sues, immediately previous to the fire? A. $50 per acre. 4. What was the value of the ground burned, for which plaintiff sues, after the burning? A. $25 per acre.

"And to the second claim of plaintiff, alleged to have arisen in May, 1874, the jury find as follows: 5. The engines of the defendant, alleged to have caused the fire of the 9th of May, 1874, were, at the time alleged, and when the fire occurred, properly constructed and equipped in good and complete condition, and provided with all the modern and approved appliances for preventing the escape of fire, and they were properly managed and run with due and proper care at the time. A. They were. 6. Was the fire of the 9th of May, 1874, communicated to plaintiff's land, or the adjoining land of his brother, from sparks or fire escaping from defendant's engines at the time? A. Yes, indirectly. 7. What was the value of the fence destroyed by the fire of the 9th of May, 1874, at the time? A. $63.24."

A motion for a new trial was denied; and judgment was rendered in plaintiff's favor for $378.74 damages, and $41.90 interest, besides costs. There is a stipulation in the case that the sum recovered should draw interest from September 3, 1873, that being the time the action was commenced.

The defendant appealed from the judgment.

The brief for the appellant was signed by *Smith & Lamb*, and that for the respondent by *J. W. Lusk;* and there was oral argument by *Mr. Lamb* and *Mr. Lusk*.

LYON, J.    The testimony in the case has not been preserved by a bill of exceptions; and hence, we have nothing before us but the pleadings, verdict and judgment.

As in the case of *McNarra v. Railway Co., ante*, p. 69, the jury failed to pass upon the question of the alleged contributory negligence of the plaintiff.    They also failed to find the number of acres of the lands injured, or the aggregate amount of such injury.    These omissions would be fatal to the judgment, were it not for the rule that every reasonable presumption will be made in support of the judgment of a court of competent jurisdiction.    Under that rule, it must be presumed in the present case (the evidence not having been preserved), that there was no evidence tending to show negligence on the part of the plaintiff, or that the uncontradicted evidence proved that he was not negligent; and that each averment of the complaint necessary to support the judgment, unless negatived by the verdict, was proved on the trial. *Farrell v. Drees* (decided herewith).    Such presumption is limited only by the complaint and the verdict.    Both of these limitations, however, are operative in this case.    The bill of particulars (which is really part of the complaint) specifies that *about* 9½ acres of land was burned.    We can give no effect to the qualifying word, but must hold that the plaintiff is limited by his pleading to 9½ acres.    The court gave him judgment for injuries to 11½ acres at $25 per acre, or $50 more than he claimed.    We can presume that he proved that 9½ acres were injured by the fire to the extent of $25 per acre. But the rule does not permit us to go beyond that.    *Farrell v. Drees, supra.*

The special verdict acquits the defendant of negligence in respect to the fire of May 9, 1874; and it cannot be presumed against the verdict that defendant was negligent in that behalf.    It was error, therefore, to include in the judgment damages for injuries caused by that fire.

It follows that the judgment cannot be upheld for a greater

McHugh vs. The Chicago & Northwestern Railway Company.

sum than $265.50, and interest, in accordance with the stipulation, from September 3, 1873.

In accordance with the practice adopted in *Kavanaugh v. Janesville*, 24 Wis., 618, and in *Bigelow v. Doolittle*, 36 id., 115, the judgment of this court will be, that if the plaintiff remit the excess of the judgment of the circuit court beyond the amount above specified, and pay the costs of this appeal, the judgment will be affirmed. Failing to do so, the judgment must be reversed, and a new trial awarded.

*By the Court.* — So ordered.