## PAGE vs. THE TOWN OF SUMPTER.

*November 30 — December 13, 1881.*

MEASURE OF DAMAGES: *(1, 2) For injury causing loss of domestic animal.*
CONTRIBUTORY NEGLIGENCE. *(5) Party employing surgeon not liable for his errors.*
REVERSAL OF JUDGMENT. *(3) Error in ruling as to evidence cured. (4, 6, 7) Immaterial exceptions to instructions. (8) Giving plaintiff option to remit damages in part, or take new trial.*

1. In an action for an injury to plaintiff's mare, from which she died, and which is alleged to have been caused by a defective highway, it was error to admit evidence of the *value of the use* of the animal during the period which intervened between the injury and the death, "including plaintiff's services in taking care of her."
2. Where the verdict in such a case necessarily includes the value of the animal at the time of the injury, and also a considerable sum for the *loss of her use* after the injury, the damages will be regarded as excessive.

3. Where a question was ruled out on the ground that a previous witness had not testified as was assumed in such question, but the judge at the same time stated that if there was any doubt as to what the former witness had testified on the subject, he would allow such witness to be recalled, and the counsel asking the question expressed no doubt nor any desire to have the witness recalled, but merely excepted, such exception will be disregarded on appeal.

4. Assuming that the judge erred in instructing the jury that this court had "said as matter of law that a stump' at the immediate margin of the traveled track . . . was a defect or want of repair," yet where, in the same connection and in applying the law to the case on trial, he merely charged "that a hole in a bridge, immediately in the traveled track of a road, *through which there is danger of a horse stepping to its injury*, is a defect anywhere or in any way, for which the town is liable " — there was no error.

5. The jury, having been instructed that the owner of an injured animal must use ordinary care, judgment and prudence in taking care of it, and in employing a veterinary surgeon to treat it, were further instructed that such owner "is not responsible for all mistakes made, if any are made, by such surgeon." *Held,* no error.

6. An exception to a portion of the charge on the ground that it was "vague and indefinite," is not sufficient where no instruction was requested upon the matters involved.

7. An exception to a portion of the charge as vehemently and eloquently expressed, is insufficient, where there is nothing in the record to indicate that the jury were misled.

8. The judgment herein is reversed, and the cause remanded for a new trial, subject to an option on plaintiff's part to remit a certain sum from the damages assessed by the jury, and take judgment for the remainder.

APPEAL from the Circuit Court for *Sauk* County.

The plaintiff's mare, while traveling upon a highway in the defendant town, stepped one or both of her hind feet through a hole in a culvert in such highway, by reason of which it is alleged that the mare received a severe injury from which she died several weeks thereafter. This action is to recover damages for the loss of the mare and her services, and the trouble and expense of taking care of and trying to cure her after the injury. The jury returned a verdict for the plaintiff of $170.96; and from the judgment entered thereon the defendant appealed.

For the appellant there was a brief by *Vilas & Bryant*, and oral argument by *Mr. Bryant*.

*J. W. Lusk*, for the respondent.

CASSODAY, J.  The court gave to the jury the several instructions requested by the defendant.  On the trial, the plaintiff was examined as a witness in his own behalf, and during his examination the following testimony was given and the following ruling had: " She [the mare] had as good care as I knew how to give.  I valued the mare at $150." *Question.*  " What was the loss of the use of the mare during those thirty-six days worth to you, including your services in taking care of her?"  Objected to because the question is double, and because neither of the matters mentioned is proper evidence.  Objection overruled, and defendant excepted.  *Answer.*  " A dollar a day for both for thirty-six days.  I hired a man to help take care of her and to treat her; paid him five dollars; think his services were worth that.  . . .  I bought some medicine for the horse.  I paid about three dollars for it."  Was this ruling correct?  Was the plaintiff thus entitled to the value of the mare before she was injured, and also the loss of the use of the mare during the thirty-six days intervening between the time of her injury and her death; and, if so, was it included in the verdict?  The court, after charging the jury respecting the treatment of the mare after the injury, and the rule of damages in case her death was caused through lack of ordinary care in such treatment, among other things charged the jury that, " if the death of the animal was caused by the injury, then the rule of damages will be the value of the mare, and a reasonable amount for taking care of her and treating her."

This is undoubtedly the correct rule, and we do not think the other branch of the charge on the subject of damages is erroneous.  But the difficulty here is, that the verdict cannot be sustained by the evidence, except upon the theory that the

injury, and not the treatment, caused the death of the mare; nor can it be then sustained, except on the theory that the $36 which included the loss of the use of the mare during the thirty-six days, was also allowed by the jury. If the injury caused the death of the mare, then of course the plaintiff was entitled, not only to her value before the injury, but also to his trouble and expense in taking care of her; but in that event he would not, in addition, be entitled to the loss of her use. On the other hand, if it was not the injury, but the careless treatment of the mare after the injury, which caused her death, then the plaintiff was entitled to the loss of her use, or, in case the injury was permanent, to the amount her value was diminished by reason of the injury, and the trouble and expense of proper care; but in that event he would not be entitled to her value at the time of the injury. Here the $36 includes both the loss of the use of the mare after the injury and the plaintiff's services in taking care of her, and it is impossible to tell how much the jury allowed for either. For aught that appears, they may have allowed nearly the whole amount for the loss of the use, and only a small sum for the plaintiff's services. This objection was specifically taken by counsel, and it seems to us it should have been sustained.

The other exceptions in the record do not seem to require any further consideration than will appear in the general conclusions at which we have arrived in respect to them. Upon the record as presented we feel constrained to hold:

1. In an action to recover damages in consequence of an injury to a mare, caused by a defective highway, from which she died thirty-six days thereafter, it was error to overrule an objection to the following question: "What was the loss of the use of the mare during the thirty-six days worth to you, including your services in taking care of her?"

2. Where, as here, the verdict necessarily includes the value of the animal at the time of the injury, and also a considerable sum for the loss of her use after the injury, the damages will be regarded as excessive.

3. Where, as here, an objection to a question is sustained on the ground that a witness named only testified that he gave the medicine *once* instead of *two or three times*, as assumed by the question, and the judge at the same time stated that, if there was any doubt about the number of times the medicine was given, the court would allow the witness to be recalled, and counsel asking the question expressed no doubt or any desire to have the witness recalled, but merely excepted, such exception will be disregarded on appeal.

4. Assuming, as contended by counsel, that the trial judge was in error in stating in his charge that this court had " said, as matter of law, that a stump at the immediate margin of the traveled track . . . was a defect or want of repair," yet where the judge, in the same connection, and in applying the law to the case on trial, merely informed the jury " that a hole in a bridge, if such a one exists, immediately in the traveled track of a road, *through which there is danger of a horse stepping to its injury,* is a defect anywhere or in any way, for which the town is liable," it would seem that there is no error, as it left the questions of the existence and location of the hole, and the danger of a horse stepping therein to its injury, entirely to the jury.

5. Where, as here, the jury are told, in effect that the owner of the animal so injured must use ordinary care, judgment and prudence in taking care of the animal, and in employing a veterinary surgeon to treat the animal, it is not error to add that such owner " is not responsible for all mistakes made, if any are made, by such surgeon."

6. Where, as here, the only ground for excepting to a certain portion of the charge is that it was vague and indefinite, and no instruction was requested upon the matters involved, such exception will not be sustained.

7. Where, as here, the only exception to a portion of the charge is based on the ground that it is vehemently and eloquently expressed, and there is nothing in the record to indi-

cate that the jury were misled, such exception will not be sustained.

. To avoid the expense of a new trial the plaintiff may prefer to remit the whole amount of the $36, and the accumulated interest thereon, from the amount of the judgment; and as such remission can work no injury to the defendant, we have concluded to allow the plaintiff to exercise such option, within thirty days after the filing of the *remittitur* in the court below, in which case the plaintiff will be entitled to judgment for the reduced amount.   The judgments in *Kavanaugh v. Janesville*, 24 Wis., 618; *Bigelow v. Doolittle*, 36 Wis., 115; *McHugh v. Railway Co.*, 41 Wis., 75, were each affirmed on condition that the respondent would pay the costs of the appeal and remit the amount of the ascertained excess; but since those decisions this court has changed the practice in that regard, as above indicated.   Of course the effect upon the parties is practically the same.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial, subject to the option expressed in the opinion.