WYLIE vs. KARNER.

*March 15 — April 5, 1882.*

FORECLOSURE OF MORTGAGE: ISSUES AND FINDINGS: PLEADING: COUN-
TERCLAIM: ATTORNEY'S FEES. *(1) Whether finding disposes of issue
as to payments. (2) Mortgage construed. (3) Answer: Counterclaim,
how pleaded. Whether issue upon counterclaim disposed of. (4) Find-
ing construed. (5) What attorney's fees allowed.*
REVERSAL OF JUDGMENT: *(4) Only for error injurious to appellant.*

1. By the terms of a mortgage given to secure payment of purchase money
   amounting in all to $2,950, $100 were to be paid at once; the mortgagor
   was to pay all incumbrances then existing upon the property, and be
   credited with one-half the amount; and the remainder was to be paid
   in installments. In an action brought some years afterwards, the com-
   plaint alleged that there was due and unpaid on the mortgage a balance
   of $2,000, and the answer, without expressly denying this averment, al-
   leged that defendant had paid, before the commencement of the action,
   incumbrances amounting to about $4,000, one-half of which should be
   allowed as a payment on the mortgage. There was no pretense of any
   other payments, except the $100. The court found as a fact that there
   was due on the mortgage $2,128. *Held*, that this sufficiently disposed
   of the issue as to the amount of payments made by defendant to dis-
   charge incumbrances.

2. Under the terms of the mortgage as above stated, the mortgagor was en-
   titled to credits for one-half of the sums paid by him upon the amount
   of incumbrances existing *at the time of the sale*, but not for any part of
   sums paid by him for subsequently accrued interest on such incum-
   brances.

3. The answer also alleged damage to defendant from false representations
   by the vendor at the time of the sale; but did not allege that the vendor
   *knew* the representations to be false, nor did it plead the facts as a
   counterclaim. The court found that the vendor *warranted* the property
   free from defects, and that there was a defect, to defendant's damage
   in a certain amount, which was deducted in the judgment. *Held*, on
   defendant's appeal, that there was no error as against him; that, even if
   that part of the answer which relates to the alleged false representations
   could properly be treated as in form a counterclaim, it does not state a
   cause of action; and that, if it were otherwise, the issue was sufficiently
   disposed of by the finding and judgment.

4. The answer alleged that the property mortgaged was personal and not real property, and also set up certain alleged facts as estopping plaintiff from claiming that the mortgage was of realty. The mortgage was of an undivided half of a certain steam saw-mill, situate on a certain lot, and of the tools, implements and fixtures connected with such mill; and the court found that the mill still remained on said lot, and was "a stationary mill, set in brick arches on said land;" and it rendered judgment of foreclosure and sale in the manner prescribed for real-estate mortgages. *Held,* that at least some part of the property was virtually found to be real estate; and that, even if it were all personal property, there would be no error in the judgment injurious to the mortgagor.

5. Judgment in foreclosure can allow no sum as attorney's fees in addition to statutory costs, unless such sum is stipulated for in the mortgage.

APPEAL from the Circuit Court for *Portage* County.

The defendant appealed from a judgment in favor of the plaintiff. The case is thus stated by Mr. Justice TAYLOR:

"This action was brought to foreclose a mortgage. The complaint was in the usual form, and, among other things, alleged that the mortgagor, *S. H. Karner,* in and by said mortgage covenanted and agreed that he would pay the sum of $25 solicitor's fees in case of the foreclosure of said mortgage by reason of the non-performance of any of the conditions thereof on his part. It seems that the mortgage was given to secure the purchase price of the property mortgaged. The mortgagee, Stevens, the plaintiff's assignor, sold the mortgaged property to the mortgagor, *S. H. Karner,* for the sum of $2,950, of which $100 was to be paid at the time of the sale, and one-half of the incumbrances existing on said property at the time of the sale was to be deducted from said purchase price, and the balance of the $2,950 to be paid in three years from the 20th day of January, 1874, with interest at ten per cent. per annum. The complaint alleges that after paying $100 on the day of sale, and one-half of the incumbrances on the property described in said mortgage, there was due and unpaid on said sale and mortgage the sum of $2,000.

"The answer of *Karner* alleges, first, that he had before the commencement of this action paid incumbrances on said

premises amounting to about the sum of $4,000, one-half of which should be indorsed on said agreement and allowed as so much payment on the mortgage; but he does not state the exact amount so paid by him, nor does he deny in express terms that the sum of $2,000 was still unpaid on said mortgage, as alleged in the complaint. As a separate answer and defense *Karner* alleged matters which were in substance a counterclaim for damages on account of false representations made by the mortgagee upon the sale made by him to *Karner*. He also filed an amended answer alleging that the property mortgaged was personal property and not real estate, and setting out certain matters which he claims should estop the plaintiff from claiming that his mortgage was a mortgage upon real estate. The property is described in the mortgage as follows: 'The undivided one-half of a certain steam sawmill, situate on lot four, section twenty-five, in township twenty-four, in range seven, in said county, and known as Stevens' Mill, and the undivided one-half of all tools, implements and fixtures of any kind connected with said mill; to have and to hold the above mortgaged premises, with the appurtenances, unto the said Alonzo Stevens,' etc. The mortgage was duly attested by two witnesses, acknowledged, and recorded in the office of the register of deeds of the proper county. No bill of exceptions was settled in the action, and the case comes to this court upon the record alone. The findings of fact appearing in the record are as follows: '1. That the mortgage set forth in the complaint was given to secure the purchase money for an undivided half of the steam fixtures, implements and personal property described in said complaint. 2. That at the time said mortgage was executed, said steam-mill was situated upon said lot four, in section twenty-five, township twenty-four N., of range seven E., in said county, and still remains on said lot. 3. That said steam saw-mill was a stationary mill, set in brick arches, on said land. 4. That the plaintiff is the legal owner and holder of said mortgage,

and that·there is now due thereon $2,128.87.    5. That at the
time the said mortgage was executed, and the said steam-mill
sold to the defendant, said Alonzo Stevens warranted the mill
to be sound and free from all defects; and · that the same was
not then and there sound and free of all defects, but the
engine was defective by reason of a flaw or hole in the same,
which said defect diminished the value thereof $125.'

"The conclusions of law were, '1. That the defendant is now
justly indebted to the plaintiff in the sum of $1,934.59, and is
entitled to a judgment of foreclosure therefor, besides the
costs of this action.    2.    That the plaintiff have the ordinary
judgment for the sale of said mortgaged premises, to wit, the
undivided half part of a certain steam saw-mill, situate on lot
four, section twenty-five, in township twenty-four N., of
range seven E., in said county, and known as Stevens' Mill,
and the undivided half of all tools, implements, and fixtures
of every kind connected with said mill, and the appurtenances
thereunto belonging.'

"Judgment was entered in accordance with these conclu-
sions, except that the plaintiff took judgment for $50 for an
attorney's fee, in addition to the taxable costs.

"The defendant filed the following exceptions to the find-
ings of the court: '(1) The said findings do not determine the
defense interposed by the answer, that, by the contract be-
tween Alonzo Stevens and this defendant, and upon which
this action is brought, this defendant was to pay one-half of
the incumbrances on the property mortgaged, to wit, the saw-
mill and fixtures, and have the amount thereof deducted from
the sum mentioned in said agreement, to wit, the sum of
$2,950; nor does it determine the amount of such incumbrances.
(2) Said findings do not determine what incumbrances, if any,
were upon said property, nor whether the defendant in fact
paid any such incumbrances, or any part thereof, and, if so,
to what amount.    (3) Said findings do not determine whether
the said Alonzo Stevens made the fraudulent representations

set forth in said answer. (4) Said findings do not determine whether the defendent made repairs on the machinery other than the cylinder, nor to what amount, nor whether he was entitled to damages in consequence thereof, as claimed in said answer. (5) Said findings do not determine any of the questions raised and issues formed by the further and supplemental answer of the defendant.' "

The cause was submitted on the brief of *Raymond & Haseltine* for the appellant, and that of *G. W. Cate* for the respondent.

TAYLOR, J. Upon this appeal the appellant alleges that his exceptions to the findings were well taken, and he also assigns for error that the judgment was erroneous in that it awarded to the plaintiff $50 as attorney's fees in addition to the taxable costs, when the mortgage contained a covenant for the payment of only $25 for such fee.

It is a sufficient answer to the first two exceptions, that the court does find that a certain sum was due and unpaid upon the contract for the sale of the land at the date of the finding, viz., the sum stated in such findings. It is very clear from the pleadings that the court did deduct a large sum from the amount which the contract called for, on account of the incumbrances on the mortgaged premises. There is no allegation in the complaint, or in the answer, that the defendant ever paid anything on the contract except the sum of $100, paid at the time of the making the same; and whatever was deducted from the sum of $2,850, and interest for over five years at ten per cent., must have been deducted on account of the one-half of the incumbrances on the property at the time of the sale.

The amount due on the contract after deducting the $100 paid, with interest at ten per cent., would be upwards of $4,560. The amount for which judgment was directed to be entered was the sum of $1,934.59, so that there must have

been deducted, on account of the incumbrances, $2,625, less the $125 deducted for the damage to the boiler, or the sum of $2,500. The defendant does not claim in his answer that he made any payment on the contract except the $100 and the payments he made by way of discharging the incumbrances on the property, to about the amount of $2,000, which should be applied to the payment of the amount called for in the contract.

By the contract, half of the incumbrances on the place were to be deducted from the mortgage, and the balance was to be paid in three years from January 20, 1874, with interest at ten per cent. If half the incumbrances amounted to the sum of $2,000 at the time the contract was made, there would still be due for the balance of principal and interest over $1,360 when judgment was entered; but the answer does not allege that half the incumbrances amounted to the sum of $2,000 at the time the contract was made, but that the defendant had paid about that sum on account of half of such incumbrances before the action was brought. If that allegation be true, it does not show that he is injured by the finding of the court. It is probable that a considerable amount of that sum was paid for interest which accrued after the contract was made, which would not be chargeable to plaintiff's assignor, Stevens. The general finding upon this subject was clearly sufficient. *Knox v. Johnston*, 26 Wis., 41–43; *Catlin v. Henton*, 9 Wis., 476; *Sanford v. McCreedy*, 28 Wis., 103; *Willer v. Bergenthal*, 50 Wis., 474–479. If the appellant supposed the court had made any mistake as to the amount for which he should be credited on account of the incumbrances, he should have asked the court to find specially upon that question; and if not satisfied with such special finding on that subject, he should have excepted, and preserved the evidence in a bill of exceptions, so as to show the error of the court, if there was any.

The third and fourth exceptions are not well taken, because the court has found in his favor upon the allegations of his

second answer, and assessed his damages at $125. The court has in fact found that there was a warranty and a breach, and has assessed the damages. This disposes of the defense, substantially. The answer upon this question is defective in not being pleaded as a counterclaim. See subd. 3, sec. 2656, R. S. The allegations are not sufficient to sustain a claim for damages on the ground of fraudulent representations, if it had been pleaded as a counterclaim, because it does not allege that the plaintiff knew that the representations were false when he made them. The court has, however, treated the answer as a counterclaim, and as sufficient to sustain a claim for a breach of warranty that the machinery was in good condition and free from defects. It seems to us that the appellant has nothing to complain of in this respect.

The objection that the court has not disposed of the issue raised by the amended answer, cannot be sustained. The court has by fair inference found that at least some part of the mortgaged property was real estate, and directed judgment for sale as in case of a real estate mortgage; and there is nothing in the findings of fact which is inconsistent with that finding.

Even if the evidence had shown that Stevens, the assignor of the plaintiff and the defendants' vendor, was not the owner of lot 4, upon which the mill, etc., stood at the time of the sale, still if he were in possession there would arise a presumption that he had a right to have his mill on said land, as lessee or otherwise. Such right would pass by the sale to his vendee, and be covered by the mortgage back for the purchase money, and would constitute an interest in land so as to sustain the mortgage as a mortgage of an interest in real estate; and if the proofs showed that Stevens was in fact the owner of lot 4, or was in the possession, and there was no other evidence of ownership, then his vendee would, if he took possession under his contract, be presumed to take the fee to the undivided half of the lot. Taking the description in the mortgage standing alone, we think it shows that it covered an interest in real es-

tate. But if it were all personal property, it is difficult to see how the defendant is prejudiced by the judgment directing its sale as real estate. In fact, such direction is rather for his benefit, as it gives him a year and over to redeem, which he would not be entitled to had the plaintiff sold the property as personal property. The property being in the hands of the mortgagor, and of a peculiar nature, and the amount due on the mortgage depending upon the amount of incumbrances on the property mortgaged, it would perhaps be proper on the part of the mortgagor to come into a court of equity and ask to have the amount due on his mortgage determined before sale under it, treating it as a chattel mortgage merely. But upon this point we do not deem it necessary to pass finally.

We find nothing in the record previous to the entry of judgment which should reverse the judgment. The allowance of judgment for the sum of $50 attorney's fees, in addition to taxable costs, was wholly unauthorized by the terms of the mortgage, or by any provision of law. The claim made by the learned attorney for the respondent, that the court may, in an action to foreclose a mortgage, allow a reasonable attorney's fee in addition to taxable costs, and in addition to the sum agreed to be paid in the mortgage as such fee, is not sustained by any authority in this court; and in the late case of *Patrick Carroll's Will*, 53 Wis., 228, it was expressly held that the statute regulating costs applied to all cases, both equitable and legal, and no costs could be recovered in any case except such as were designated by the statute. That case was not intended to and does not decide that a party to a foreclosure suit may not recover a reasonable sum as attorney's fees, in addition to the statutory costs, when the mortgagor has so covenanted in his mortgage; but it does cover all cases where no such covenant exists in the mortgage. The plaintiff may therefore recover the $25 agreed to be paid by the terms of the mortgage in addition to the statutory and taxable costs, but there is no authority for his recovery beyond that amount. Under

the rule established by this court in *Page v. Town of Sumpter*, 53 Wis., 652, and the cases there cited, we must reverse the judgment because it includes the sum of $25 for attorney's fees more than the law authorizes.

*By the Court.*— The judgment of the circuit court is reversed, with costs, and the cause remanded with directions to the circuit court to enter judgment in conformity to this opinion.