Potts vs. Cooley, imp.

*By the Court.*— It is so ordered.

---

POTTS vs. COOLEY, imp.

*October 16 — October 31, 1882.*

TAX CERTIFICATES: FORECLOSURE: ASSIGNMENT. *(1) Certificate may be foreclosed after issue of void tax deed. (4) Interest. (5) Attorney's fees not allowable. (2) Assignment may be on* face *of certificate. (3) Authority to county clerk.*

REVERSAL OF JUDGMENT: NEW TRIAL. *(6) On remission of erroneous allowance, new trial unnecessary.*

1. An action to foreclose tax certificates may be maintained, under sec. 1181, R. S., notwithstanding invalid tax deeds have already been issued thereon. The provision in sec. 1180, R. S., that where any deed or instrument intended to be a deed shall have been made for the nonpayment of taxes "*no other deed* shall be made therefor except," etc., applies to tax deeds only and has no reference to deeds given on foreclosure proceedings.

2. An assignment by the words, "assigned May 19, 1877, J. P. Carpenter, county clerk," partly written and partly printed across one end of the *face* of a tax certificate, is sufficient under a statute providing that "such certificate may be assigned by the purchaser by writing his name on the *back* thereof, and by the county treasurer or county clerk in like manner, with his official character added." Laws of 1859, ch. 22, sec. 54; R. S., sec. 1140.

3. A resolution by a county board authorizing the clerk to assign tax certificates belonging to the county upon production to him by the purchaser of a certificate from the county treasurer that the amount of such tax certificates had been paid, was a continuing authority to the clerk until revoked, and it will be presumed that he had the proper certificate from the treasurer before him when he executed an assignment.

4. It is proper in a judgment of foreclosure of tax certificates to allow interest thereon at the rate of twenty-five per cent. per annum.

5. But it is error to allow attorney's fees in such proceeding in addition to those taxable.

6. There being no error other than the allowance of $25 as attorney's fees, the respondent is permitted, upon the reversal of the judgment, to remit that amount and take the proper judgment, without a new trial.

APPEAL from the Circuit Court for *Portage* County.

Action for the foreclosure of tax certificates. The complaint alleges the legal sale of certain lands for unpaid taxes, the issue of the certificates on such sale, the assignment of such certificates to and their present ownership by the plaintiff, and the ownership of the lands by the defendant. It also alleges that two tax deeds, dated respectively August 30 and September 2, 1879, based upon these sales and certificates, had been issued to the plaintiff, and that such deeds had been adjudged void on the ground that the notice to the occupant was insufficient. The answer admits that the defendant occupies and claims title in fee to the lands, and that the tax deeds had been issued to the plaintiff, and had been adjudged void. It denies the other allegations of the complaint, and pleads possession by the defendant for more than nine months after the issue of the tax deeds, as a bar to the action under the statute of limitations. It was admitted upon the trial that the certificates sought to be foreclosed were surrendered to the county clerk at the time the tax deeds were issued, and were filed by him as a part of the records of his office; and that the defendants had been in actual possession and occupancy of the lands in question since January 1, 1880. Other facts will appear from the opinion. The circuit court found in favor of the plaintiff, and, among other things, that the defense was without merits; that the plaintiff had been put to unnecessary expense in enforcing collection of his claim, by the defendant for the purpose of delay; and, as a conclusion of law, that the plaintiff was entitled to receive for attorney's fees, in

addition to those taxable, the sum of $25. From a judgment in accordance with the findings, the defendant appealed.

The cause was submitted on the briefs of *Tracy & Bailey* for the appellant, and on that of *G. W. Cate* for the respondent.

COLE, C. J.    After his tax deeds were declared void by this court, because issued without proof of the service of the requisite notice upon the person in possession,— see *Potts v. Cooley*, 51 Wis., 353,— the plaintiff commenced this action, August 17, 1881, to foreclose the tax certificates under sec. 1181, R. S.   The learned counsel for the defendant insists that such an action cannot be maintained after tax deeds had been issued based on the certificates, especially where it appeared that the owner had been in possession of the premises for two years subsequent to the issuing of the tax deeds. We deem this position untenable.   The statute provides that the holder of any tax certificate, at his option, in lieu of taking a tax deed "at any time after three years from the date of such certificate and before he would be barred from demanding a deed thereon," may foreclose the same by an action as in case of mortgage on real estate.   Sec. 1181. The certificates were dated more than three years prior to the commencement of the suit.   The lands were bid in at the tax sale by the county, and the tax certificates were assigned to the plaintiff by the clerk, May 19, 1877.   The limitation for issuing a tax deed on the certificates would not expire until the expiration of six years from the date of the assignment.   Sec. 1182.

The same counsel further insisted because the plaintiff had taken tax deeds on the certificates he could not afterwards bring an action to foreclose them though the deeds were void.   He says the statute gave him an option to take one of two remedies, and when he has exercised that option

once he is bound by it.   Therefore, that the only course now open to him is to take another tax deed under sec. 1180.  We are not able to concur in such a construction of the statute. To our minds no valid or satisfactory reason has been assigned for adopting the opinion that because the holder has taken a void deed on his tax certificate he is thereafter barred from maintaining an action to foreclose it.   The statute certainly does not so declare.   Nor can it with accuracy be said that the tax certificate has been extinguished or discharged by the issue of an invalid deed upon it; or that the lien created by the certificate has been merged in an instrument which is void and of no effect.   It is true, sec. 1180 provides, when a deed, or instrument intended to be a deed, shall have been issued for nonpayment of taxes, " *no other deed* " shall be made therefor except in the manner therein prescribed. But this provision has no reference to a deed given on foreclosure proceedings, but was intended to supersede the remedy sustained in *State v. Winn*, 19 Wis., 305.   See Revisers' Notes, § 1180.   That prohibition evidently applies to a tax deed alone.   But counsel says that it was the legislative intent, after a person has once taken a tax deed which is void, he should acquire the title to the land in no other way than by taking another tax deed, and that all other remedies are denied him.   We fail to discover any such legislative intention.

We have already said enough to show that the statute of limitations does not bar the action.   Counsel seems to rely upon sec. 1210$d$ as a bar, but we cannot see as that section has any application to the case.

It is further insisted that the plaintiff never became the owner of the tax certificates upon which the action is based. The plaintiff was a purchaser from the county, and continued to be the owner of the certificates notwithstanding a void deed had been issued upon them.   The certificates were assigned in the following manner, by the words, "Assigned

May 19, 1877. J. P. CARPENTER, County Clerk," partly written and partly printed across one end of the "*face*" of the certificate. It is said the statute required that the assignment should be on the "*back*" of the certificate. We can give the statute no such refined or technical construction. We are entirely clear that an assignment could be made by the officer on the face of the certificate which would meet all the requirements of the statute. Proof was given of a resolution of the board authorizing the clerk to assign tax certificates which belonged to the county, upon production to him by the purchaser of a certificate from the county treasurer that the amount of such tax certificate had been paid that officer. This resolution was adopted by the board in November, 1861, was a continuing authority to the clerk in office to execute such assignment until revoked,— *Meade v. Nelson*, 52 Wis., 402,— and we must presume that the clerk had the proper certificate of the treasurer before him when he executed the assignments in question. *Manseau v. Edwards*, 53 Wis., 457.

Again, it is insisted that the court below erred in allowing, in the judgment of foreclosure, interest on the certificates at the rate of twenty-five per cent. per annum. Tax certificates, by express provision of law, draw interest at that rate. Sec. 1165. The amount of the tax certificate — that is to say, the sum for which the land was sold, and all subsequent charges thereon authorized by law, together with interest at the prescribed rate — are made a lien upon the land. The certificates being valid, the plaintiff was entitled to a judgment of foreclosure to the extent of his liens. This seems too plain for discussion. As a conclusion of law, the court held that the plaintiff was entitled to recover of the defendant for attorney's fees in the action, in addition to the taxable attorney's fees, the sum of $25. This was error,— *Patrick Carroll's Will*, 53 Wis., 228; *Wylie v. Karner*, 54 Wis., 591,— and must work a reversal of the judgment. But, as there

is no other error in the judgment, in order to avoid the expense of a new trial the plaintiff may remit this $25 allowance,— *Page v. Town of Sumpter*, 53 Wis., 652, and *Wylie v. Karner, supra*,— and take the proper judgment of foreclosure.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions that the court enter judgment in accordance with this opinion.