BAKER vs. THE LANCASHIRE INSURANCE COMPANY. Garnishee, etc.

*March 31 — April 19, 1881.*

GARNISHMENT: *When costs payable out of fund in garnishee's hands.*

An insurance company garnished in an action as owing moneys on policies to the principal defendant, admitted by its answer its liability on the policies, but stated that they were made payable to certain other persons named, "as their interest might appear," and that it was unable to determine to whom the moneys were due; and it offered to pay the money into court, or to any person to whom the court should direct it to be paid,

and asked to be allowed to deduct its costs out of the fund. No issue being made on the answer, the court, besides directing the persons therein named to be made defendants in the proceeding, ordered the garnishee's costs to be paid *by the plaintiff*. *Held*, on plaintiff's appeal, that it was error not to order payment of such costs *out of the fund*.

APPEAL from the Circuit Court for *Fond du Lac* County.

The proceeding was against the above named insurance company as garnishee, in an action against the Mihills Manufacturing Company. Plaintiff appealed from a judgment against him for $22 costs, rendered on motion of the garnishee. The case will sufficiently appear from the opinion.

For the appellant there was a brief by *Spence & Hiner*, and oral argument by *Mr. Spence*.

The cause was submitted for the respondent on the brief of *Geo. P. Knowles*.

COLE, C. J.    The only question in this case is, whether the costs allowed the garnishee should, upon the facts disclosed, be paid out of the fund, or whether the plaintiff should be required to pay them, as adjudged by the court below. The garnishee came in and made full answer, admitting its liability on the policies issued to the Mihills Manufacturing Company. But the garnishee set forth in its answer that the loss on these policies was made payable to certain parties named "*as their interest might appear*." Consequently the garnishee was unable to state who was really entitled to the insurance money due upon its policies, but avowed its readiness to pay that money into court, or to the person or persons to whom the court should direct it to be paid, and asked to be allowed to deduct its costs out of the fund. It seems to us the request of the garnishee was reasonable, and should have been granted upon its paying the insurance money into court. Its answer certainly presented a clear case for an interpleader under section 2767, R. S. The garnishee could not tell who was entitled to the money due on its policies; but it had the right to be

discharged from all liability to any party upon paying the money into court as ordered. The garnishee seems to have acted in good faith, frankly acknowledges its liability upon its policies, and states the names and residences of the parties who may have claims upon the fund. It has discharged its duty fully in .the premises, and was entitled to be dismissed from the controversy with its costs; such costs in the first instance to be paid out of the fund. "And justice between the other parties in this respect is finally done, by compelling the party whose claim is adjudicated groundless to pay those costs to the rightful claimant of the fund." This was the rule in equity in cases of interpleader where the stakeholder acted in good faith. *Atkinson v. Manks*, 1 Cow., 691; *Canfield v. Sterling*, 1 Hop. Ch., 224; *Thomson v. Ebbets*, id., 272; *Willets v. Waite*, 13 How. Pr., 34. At the present stage of the proceeding it is impossible to tell who will be entitled to the fund. It appears that the court has ordered that the persons named in the garnishee's answer as claimants be made parties defendant in the garnishee action. It well may be that the fund will finally be adjudged to be the property of the Mihills Manufacturing Company, in which event there would be no justice in requiring the successful plaintiff to pay the garnishee's costs.

It is, however, suggested that section 2772 permits the court to impose costs upon either party in its discretion in a case like the present. That section provides, in substance, that in case of a trial of an issue between the plaintiff and any garnishee, costs shall be awarded to the plaintiff and against the garnishee, in addition to his liability, if the plaintiff recover more than the garnishee admitted by his answer; and if he do not, the garnishee shall recover costs of the plaintiff. "In all other cases under this chapter, not expressly provided for, the court may award costs in favor of or against any party in its discretion." The last clause, it is said, places the whole matter of costs in the discretion of the court. But we agree with the plaintiff's counsel that this construction is not to be

adopted, but that the court's discretion in allowing costs is subject to and controlled by other statutory provisions. It would be an unreasonable and arbitrary exercise of judicial discretion, in a case like the one at bar, to require the plaintiff to pay the garnishee's costs, when it might turn out, on the trial of the issue with the claimants of the fund, that he was the successful party. It is much more just to allow the garnishee to deduct its costs from the insurance money.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded with directions to enter such an order.