The T. T. Haydock Carriage Co. vs. Pier.

The T. T. Haydock Carriage Company, Respondent, vs. Pier, Garnishee, Appellant.

*January 13 — February 3, 1891.*

*Voluntary assignment: Allowances to assignee under void assignment: Garnishment: Costs.*

1. An assignee under a void assignment for the benefit of creditors, who has acted under the direction of the court and in perfect good faith, believing the assignment valid, should be allowed all such necessary disbursements as benefited, or were intended to benefit, all the creditors of the assignor, excluding commissions of the assignee. In this case it is *held* that such allowance should include the cost of taking an inventory, the expenditure incurred for postage and stationery, and the necessary disbursements, including attorney's fees, in defending an action of replevin for a portion of the assigned property, but that it should not include the assignee's costs and disbursements in garnishment proceedings by a creditor of the assignor, in which the assignment was held void.

2. Where in such garnishment proceedings the assignee admitted by her answer a sum in her hands greater than the plaintiff recovered, but denied all liability as garnishee, costs should be awarded against her under sec. 2772, R. S.; and such costs are not limited to $25 by sec. 2921.

APPEAL from the Circuit Court for *Fond du Lac* County. The defendant garnishee, *Kate Pier*, was named as assignee in an attempted voluntary assignment for the benefit of creditors, executed by one Bartell to her under sec. 1694, R. S. She attempted to qualify as such assignee, and took possession and disposed of the assigned assets, pursuant to the assignment. While she was thus disposing of such assets, the plaintiff commenced an action against Bartell, obtained an attachment, and caused the defendant to be summoned as a garnishee therein. She answered, denying her liability to the plaintiff as such garnishee. The plaintiff took issue on her answer. The assigned property was not seized under the attachment, and the defendant

proceeded to complete the sale thereof.  After plaintiff recovered judgment against the assignor, the issues in the garnishee action were tried in the circuit court, and the plaintiff was nonsuited.  The plaintiff appealed from the judgment of nonsuit to this court, and such judgment was reversed on the sole ground that because the assignee was a married woman she could not execute a valid bond required of an assignee by the statute, and hence the assignment was void for want of the required bond.  74 Wis. 582.

After the cause was remitted, an accounting was had in the circuit court of the amount of money in the hands of the defendant to which the plaintiff was entitled under the garnishee process.  The defendant received $606.04 from the sale of the assigned property, and claimed to be allowed for disbursements, on account of the assignment, $478.52. The court allowed her $114.35, for expenses in the care and sale of the property, rejecting the balance of her claim, and gave judgment against her for $491.69, with interest from the time she received the money, and for costs.  The defendant appeals from the judgment.

*Kate H. Pier,* for the appellant, cited Burrill, Assignm. 461; *Bradford v. Boudinot,* 3 Wash. C. C. 122; *Barney v. Griffin,* 4 Sandf. Ch. 552; *Collumb v. Read,* 24 N. Y. 515; *Hawley v. James,* 16 Wend. 62, 183, 279; *Thomas v. Goodwin,* 12 Mass. 140; *Stewart v. McMinn,* 5 Watts & S. 100; *Neill v. Jackson,* 8 Fed. Rep. 144; *Catlin v. Foster,* 1 Sawy. 37; *Hatton v. Weems,* 12 Gill & J. 84; *Rensselaer & S. R. Co. v. Miller,* 47 Vt. 146; *Att'y Gen. v. Mayor,* 2 Mylne & C. 424; *Taylor v. Glanville,* 3 Mad. 176; *Angier v. Stannard,* 3 Mylne & K. 566; *Morton v. Barrett,* 22 Me. 257; *King v. Essex,* 4 Durnf. & E. 591; Cary, 14; Lewin, Trusts, 635; *Colburn v. Morton,* 3 Keyes, 301; *Cunningham v. McGregor,* 5 Duer, 648; *Baker v. Lancashire Ins. Co.* 52 Wis. 193; secs. 2760, 2772, 2921, R. S.

*Edward W. Phelps,* for the respondent, cited *Bartlett v.*

*Bramhall,* 3 Gray, 257; *Mullen v. Reinig,* 68 Wis. 408; *Hunker v. Bing,* 9 Fed. Rep. 277; *Platt v. Archer,* 13 Blatchf. 351; *In re Kurth,* 17 N. B. R. 573; *Burkholder v. Stump,* 4 id. 597; *In re Stubbs,* id. 376; *Sellington v. Howland,* 53 N. Y. 371; *Madison Ave. Bap. Ch. v. Oliver St. Bap. Ch.* 41 N. Y. Super. Ct. 369, 384; *S. C.* 73 N. Y. 82, 92; secs. 2768, 2921, 2772, R. S.; *First Nat. Bank v. Knowles,* 67 Wis. 373, 389; *Haydock Carriage Co. v. Pier,* 74 id. 582, 583.

LYON, J. The question to be determined on this appeal is, What expenses incurred by the assignee under a void assignment for the benefit of creditors, in the execution of the trust, will be allowed her, as against a creditor of the assignor, at whose suit the assignment has been adjudged void? Numerous adjudications have been cited by counsel for the respective parties, bearing upon this question, but it is unnecessary to refer to them in detail. They have been carefully examined, and the rule fairly deducible from them is that in a case like this, in which the assignee has acted under the direction of the court and in perfect good faith, believing the assignment valid, he will be allowed for all such necessary disbursements as benefit, or are intended to benefit, all the creditors of the assignor, excluding commissions of the assignee. See *Hunker v. Bing,* 9 Fed. Rep. 277. Under this rule the circuit court allowed the defendant $114.35. The items in the defendant's account disallowed by the court are: (1) Cost of taking inventory; (2) postage, stationery, etc.; (3) costs in justice's and circuit court in the case of *White Sewing Machine Co. v. Kate Pier;* (4) attorney's fees; and (5) costs and disbursements in this court on the former appeal in this action. If any of these items of expenditure were for the benefit of all the creditors of the assignor, the same should have been allowed the defendant. We think the cost of taking an inventory,

and the expenditure incurred for postage and stationery, were of this character, and should have been allowed. The same expenditures would probably have been necessary had no assignment been made, and had the plaintiff or any other creditor of the assignor seized the assigned property on attachment or execution.

After the assigned property came into the possession of the defendant, the White Sewing Machine Company commenced an action of replevin against her to recover a portion thereof, claiming to own the same. By direction of the court the defendant defended the action. Judgment was rendered against her by the justice. She appealed to the circuit court. The cause was tried in that court, and judgment again went against her. Such appeal was taken before the garnishee summons in this action was served upon her. After such service, the plaintiff herein made no objection to her defense of the action in the circuit court. Such defense was made for the purpose of saving the property there in controversy to the creditors of the assignor. The expenses incurred by her in making such defense was therefore within the above rule, and the plaintiff should be reimbursed therefor out of the proceeds of the assigned property. She must be allowed all her necessary disbursements in that action in both courts, including attorney's fees.

Should the defendant be reimbursed out of the moneys in her hands for her costs and disbursements in this action in this court? We think not. Were she thus reimbursed, it would nearly absorb the fund, leaving the larger portion of the plaintiff's judgment against Bartell unpaid. Hence, the effect would be to compel the plaintiff to pay such costs and expenses, although he has obtained a judgment therefor in this court against the defendant. Such costs and expenses were not incurred for the benefit of all the creditors (of whom the plaintiff is one), but in direct hostility to the

interests of the plaintiff. Such expenditure is not, there-fore, within the rule above stated, and the defendant cannot be allowed therefor.

It is claimed that costs should not be awarded in this action against the defendant, for the alleged reason that she admitted by her answer a sum in her hands greater than the plaintiff recovered. She did not admit any sum in her hands subject to garnishment at the suit of the plaint-iff, but denied her liability as garnishee substantially as prescribed in sec. 2759, R. S. She thus forced the plaintiff to take issue on her answer and litigate the question of her liability, or abandon his suit. Clearly the case is not within the exemption from costs specified in sec. 2772, R. S. Neither is it within the case of *Baker v. Lancashire Ins. Co.* 52 Wis. 193, for the same reason. Neither are the costs limited to $25, under sec. 2921, R. S., because this is not an action· at law on contract.

The judgment of the circuit court must be reversed, and the cause will be remanded with directions to that court to determine the necessary sums paid by the defendant for taking inventory, for postage and stationery, and for costs and disbursements in the replevin suit. The aggregate of these sums, when so ascertained, together with the $114.35 already allowed, will be deducted from the amount received by the defendant,— $606.04,— and judgment will be ren-dered for the plaintiff for the balance, with costs.

*By the Court.*— It is so ordered.