SECOND WARD SAVINGS BANK OF MILWAUKEE, WISCONSIN, Appellant, vs. SCHRANCK, Assignee, imp., Respondent.

*September 2 — September 20, 1898.*

*Voluntary assignment: Execution: Liability of assignee for property sold under order of court: Compensation.*

By order of the court under whose process a sheriff held property of an insolvent debtor, the execution levy was dissolved and the property turned over to the debtor's assignee for the benefit of creditors. Subsequently, under like authority, the assignee sold the property and held the proceeds in lieu thereof. Upon appeal, the first mentioned order was reversed, and the cause remanded with direction to cause the property or its proceeds to be restored to the sheriff, to be applied on the execution. *Held* that, having acted under the orders of a court having full jurisdiction, the assignee was not a wrongdoer, and was answerable only for the proper net proceeds of the sale of the property, and was entitled to reasonable compensation for his services and expenses out of the fund, to be fixed and allowed by the court.

APPEAL from an order of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

This is an appeal from an order of the superior court of Milwaukee county made June 18, 1898, overruling the demurrer of the plaintiff bank to the answer of *Henry C. Schranck*, as assignee, etc., and respondent, to the petition of the plaintiff. The case was that May 4, 1897, said bank secured a certain judgment against the defendant, Henes, for $24,078.90, and, upon execution issued thereon, F. G. Isenring, sheriff of Milwaukee county, seized by virtue thereof certain personal property belonging to the defendant, described in a schedule annexed to the petition. The said sheriff gave notice that he would expose and offer said property for sale on the 26th of the same month, and would dispose of and apply the proceeds of said sale in satisfaction of said execution. On or about May 10, 1897, the defendant, Henes,

made a voluntary assignment of all his property for the benefit of his creditors to *Henry C. Schranck*, who is still acting as such assignee. On the 18th of the same month, said assignee secured an order in his own behalf, citing the plaintiff and the said sheriff to show cause why the sheriff should not surrender to him, as such assignee, all the property so seized by the said sheriff as aforesaid. The bank opposed the granting of said order, but the court made and entered its order allowing the motion of said assignee, and ordering and directing said sheriff to surrender and turn over to him all of said property so seized and held by him as aforesaid. The sheriff surrendered and turned over to the assignee, accordingly, all of said property, but against the objections of the bank; whereupon said sheriff returned the said execution unsatisfied, and postponed the sale of said property from time to time after the 26th of May, 1897, without the consent of the said bank. On June 26, 1897, said superior court made and entered its order authorizing and permitting said assignee to sell all of said property, and to hold the proceeds in lieu thereof. This order was made against the objection of the bank, and thereafter, at divers times prior to and including the 10th of August, 1897, the said assignee sold, at public and private sale, and in different parcels and amounts, all of said property, without the consent or approval of the bank, and realized from said sale the sum of about $5,800.

Afterwards, October 22, 1897, the supreme court reversed the order of said superior court made and entered June 22d, and directed that said superior court cause said property so levied upon and seized as aforesaid, or its proceeds, to be restored by the said assignee to said sheriff, to be disposed of and applied in satisfaction of said execution. [97 Wis. 250.] December 7, 1897, the superior court accordingly made and entered its order herein, directing said assignee forthwith to restore or turn over to said sheriff all and singular the property theretofore turned over by said sheriff to said as-

signee, or the proceeds thereof, the same to be disposed of and applied by said sheriff in satisfaction of the execution aforesaid, in accordance with said order of the supreme court. December 23, 1897, the assignee paid over to said sheriff the sum of $3,770.63, as and for proceeds of the sale of said property, and he has paid to the said bank, petitioner, $2,751.08 on account of the proceeds so received by him.

The petition of the plaintiff bank contained charges of negligence against the said assignee for the improper and negligent handling of said property, whereby the petitioner had been damaged, and that both said assignee and said sheriff unnecessarily expended large sums of money for rent, insurance, labor, and care in keeping the said property subsequent to the 26th day of May, 1897, when the said sheriff ought to have sold said property on the execution sale. It is alleged that the sheriff and assignee both claim the right to deduct and retain, and have deducted and retained, from and out of the said proceeds, large sums as and for their expenses, and also for their alleged services in caring for and selling said property since the date aforesaid, without the consent and against the objections of the said petitioner; that the value of said property at the time it was levied upon, on the 26th of May, 1897, and when said assignee received it from the sheriff, was not less than $15,000, as petitioner alleged; that it had demanded of the assignee that he pay the said sum of $15,000, the alleged value of said property, to the sheriff to be applied by the latter in satisfaction of said execution, but the said assignee refused so to do; that no part of said judgment had been paid except the sum of $850.37, paid thereon May 5, 1897, and the further sum of $555.48, which was recovered by petitioner by garnishment on the execution on said judgment. The petitioner alleged that it was justly and legally entitled to the sum of $15,000, less the necessary and legal charges of the said sheriff for the care and keeping of said property and for his services,

as provided by law, from the date of the levy aforesaid to May 26, 1897, and that the said sheriff and assignee were liable therefor.

Said petitioner procured an order in the action requiring the said *Henry C. Schranck* and F. G. Isenring to appear and answer said petition, and that such further proceedings be had as would enable the court to determine the rights and liabilities of this petitioner and the said assignee and sheriff, and for such other and further relief, etc. Said *Henry C. Schranck*, assignee, etc., and said Isenring, demurred to said petition of the said bank; and, upon argument, said demurrers were each overruled, without costs, with leave to the respondents therein to take issue by answer upon that part of the petition which charges the assignee with not turning over to the said sheriff the property theretofore turned over by said sheriff to said assignee, or its proceeds, as ordered by the court, and which charges the said sheriff with retaining too large a sum for his fees and expenses; but they were not required to answer that part of the petition which claimed that the assignee should be held accountable for the amount of $15,000.

The said *Schranck* and Henes filed an answer, admitting the recovery of the judgment, the issuing of the execution thereon to the said sheriff, and the levy by him thereunder; that he seized all the personal property referred to in the petition, and advertised it for sale. They also admitted the execution of a voluntary assignment by Henes to *Schranck;* that June 22d the superior court of Milwaukee made and entered, as alleged in said petition, an order directing the sheriff to surrender and turn over to the respondent *Schranck* said property, and that said sheriff did so surrender it, and returned said execution unsatisfied; that June 26, 1897, said superior court made and entered an order authorizing and permitting said *Schranck*, as assignee, to sell all said property, and hold the proceeds thereof in lieu thereof; and

that thereafter, and at divers times prior to and including August 10, 1897, he sold at public and private sale all of said property, and realized from such sale the sum of $5,824.61,— and admitted that the plaintiff bank did not consent to any of said proceedings except to the entry of judgment and issuing of execution thereunder, but objected thereto.   They admitted the reversal of the order of the superior court by the supreme court, October 22, 1897, with directions that said superior court cause said property so levied upon and seized, or its proceeds, to be restored by the respondent to said sheriff; and also admitted the making of the order of December 9th, of said superior court, directing the respondent *Schranck* to restore or turn over to said sheriff said property, or the proceeds thereof; and alleged that said respondent paid to said sheriff $3,770.63, and had expended money for counsel and attorney's fees in litigating said matters.   Said respondent admitted the demand upon him to pay to the sheriff $15,000, and that he refused to comply therewith, and denied also all negligence charged in the handling of said property, or unnecessary expenditure for rent, insurance, etc., and alleged that all his acts and doings by virtue of said order and disposing of said property were done and performed with perfect good faith, and in a careful and prudent manner, and that in all such acts and doings he exercised the best judgment of which he was capable, and sold and disposed of all said property in the same manner as he would have done had it been his own, and obtained the best price obtainable for the whole thereof.

A statement of his receipts and disbursements while acting under such order was appended to the answer, from which it appeared that the total receipts for sales of said property amounted to $5,908.56, and that his actual necessary disbursements in and about said sales, including $500 charged by respondent for his time and services, which he insisted was reasonable and proper, amounted to the sum of

$2,137.93; and, after deducting such expenses and fees from such total receipts, there was a balance of $3,770.63, which he had paid to the said sheriff, Isenring, on December 22, 1897; and he insisted that, before the service of said petition and order to show cause, he had fully and in all respects complied with the aforesaid order of said court.

The plaintiff bank demurred to the answer of *Schranck*, as assignee, on the ground that it did not state facts sufficient to constitute a defense to the petition. The court made an order overruling the demurrer, with $10 costs, from which the plaintiff, the *Second Ward Savings Bank*, appealed.

For the appellant there was a brief by *Howard & Mallory*, and oral argument by *Samuel Howard*.

For the respondent there was a brief by *Sylvester, Scheiber & Orth*, and oral argument by *Fred. Scheiber*.

PINNEY, J. The superior court of Milwaukee county,— under and by virtue of the process of which the property in question was seized,— made an order, pursuant to the provisions of ch. 334, Laws of 1897, dissolving the execution levy, and directing the delivery of said property then in the hands of the sheriff to *Schranck*, who was the assignee of the defendant Henes for the benefit of his creditors. This order was reversed by the supreme court [97 Wis. 250], and the cause was remanded to the superior court, with directions to cause to be restored to the sheriff of Milwaukee county the property, or its proceeds, turned over by the order of that court to *Henry C. Schranck*, as assignee of Louis Henes, Jr., to the end that it might be applied in satisfaction of the judgment in favor of the *Second Ward Savings Bank of Milwaukee* against said Henes, the assignor. In obedience to the decision of the supreme court, the superior court thereupon made an order directing the assignee to cause said property or its proceeds to be so restored by the said assignee to the said sheriff, and applied in satisfaction of the

execution under which the sheriff seized it.   Under and pursuant to this order, the said property was sold, and its proceeds were applied as thus directed.

It is contended by the appellant bank that the assignee, *Schranck*, was a wrongdoer, and that he converted the property to his own use, and that the order of the superior court was no protection, and conferred no authority for said sale of the property and such disposition of its proceeds.   The sheriff, it is alleged, surrendered and turned over the said property and its proceeds to the said assignee; and on the 26th of June the superior court made and entered its order authorizing and permitting the assignee to sell said property, and to hold the proceeds in lieu thereof.   The assignee subsequently restored and turned over to the said sheriff all and singular the property theretofore turned over by the sheriff to him, and the proceeds thereof, and it was accordingly sold and applied as stated in the answer.   It thus appears that the property in question was sold, and its proceeds were properly applied, under and in accordance with the decision of this court and orders made in accordance therewith by the superior court.   There can be no doubt but that the supreme court, on said appeal, had jurisdiction of the parties, and of the subject matter of the motion to direct the sheriff to turn over the property he had taken under the execution to the assignee, and to direct the disposition thereof.   After reversing the order of the superior court, it remanded the case to that court, with directions to cause to be restored to the sheriff the property he had seized upon the execution, and which had been turned over by him under the order of that court to the assignee of Henes, to the end that it might be applied in satisfaction of the judgment in favor of the *Second Ward Savings Bank* against said Henes.   The property was thus subjected to the authority and jurisdiction of this court, which was exercised under and by virtue of the aforesaid orders of the superior court, which were, in sub-

stance and effect, orders of the supreme court. There was therefore no lack of authority or jurisdiction for what was done under said orders, and there was no irregularity in procuring any of the orders in question. The orders under which the sale was thus made and the money so applied have not been reversed or set aside, but are still valid, subsisting orders, and there can be no doubt that they furnish ample protection and justification to the parties who so acted under them. *Northwestern Iron Co. v. Land & River Imp. Co.* 92 Wis. 487; *T. T. Haydock Carriage Co. v. Pier,* 78 Wis. 579.

It is thus shown that the sheriff and assignee were not wrongdoers, and were answerable only for the proper net proceeds of the sale of the property; and each of them was entitled to proper and reasonable compensation for his services and expenses out of the fund, to be ascertained, taxed, and allowed by or under the direction of the court. It was not competent for either of them to tax and determine the amount to which he was thus entitled. It does not appear that any specific objection was made to the charges for such services and expenditures in the superior court, or any showing whatever on the subject. These matters may be properly examined and determined under the issues joined upon the plaintiff's petition. We perceive no error in the order overruling the demurrer of the plaintiff to the answer of the assignee and respondent to the petition of the plaintiff.

*By the Court.*— The order appealed from is affirmed.