## IN RE PATRICK CARROLL'S WILL.

*October 5 — October 18, 1881.*

APPEAL FROM PROBATE COURT: COSTS. *(1) When circuit court loses authority as to costs on appeal from county court. (2) Its unauthorized order appealable. (3) Discretion of the circuit court as to costs in equity.*

1. Where the circuit court, on appeal, affirmed a judgment of the county court admitting a will to probate, and declared that the costs of the proceedings, to be taxed, should be paid out of the estate, and its judgment further provides that "the subject matter of the trial, together with all papers relating thereto, be remitted, and the same is hereby remitted," to the county court, and such judgment was affirmed on appeal to this court: *Held*, that the circuit court had no power to make a further order as to costs in the cause after it had been remitted from this court.
2. Such an order, made under such circumstances, cannot be treated as an order before judgment; and it is *appealable*.
3. Under the statutes of this state (R. S., secs. 2918–21, 2932), the discretion of the circuit court in equitable actions, and in appeals touching the probate of wills, is limited to determining by what party or from what fund the costs shall be paid; but the costs, when allowed, must be *such as the statute prescribes*.

APPEAL from the Circuit Court for *Waukesha* County.

From the judgment of the county court of Waukesha county, admitting to probate the will of Patrick Carroll, deceased, an appeal was taken to the circuit court of that county, where the case was retried by the court without a jury; and on the 12th of December, 1879, judgment was rendered by said circuit court, wherein it is, among other things, "ordered, adjudged, decreed and determined that the decision of the Waukesha county court, declaring said will to be the last will and testament of Patrick Carroll, deceased, be and the same is hereby affirmed; and the order of said Waukesha county court, made on the 23d day of May, 1879, admitting to probate said last will and testament of said deceased, be and the same is hereby declared of full

force and effect; the costs of this proceeding to be paid out of the estate, to be taxed. And it is further ordered, adjudged, decreed and determined that the subject matter of this trial — that is to say, the matter of the estate of Patrick Carroll, deceased,— together with all papers relating thereto, be remitted, and the same is hereby remitted, to the Waukesha county court for further proceedings therein according to law." On an appeal therefrom, that judgment was in all things affirmed by this court. 50 Wis., 437. On the 23d of February, 1881, the circuit court again assumed jurisdiction of the matter of the litigation and the estate, and "ordered and decreed that the costs and disbursements of Mary Carroll Clancy, the contestant in said cause, be taxed and allowed at the sum of $98.76, together with the further sum of $400 for counsel fees for the services and expenses of her attorneys in this, the circuit court, and that the same be paid out of the funds of said estate, as a part of the expenses of administering said estate, by the executor of said last will and testament." From so much of the order as directed payment of said sum of $400 out of the estate, the executor appealed.

For the appellant there was a brief by *D. H. Sumner* and *T. C. Martin*, and oral argument by *Mr. Sumner.*

For the respondent there was a brief by *A. R. R. Butler* and *Dey & Friend*, and oral argument by *Mr. Dey.* They contended, among other things, 1. That an appeal does not lie from an order taxing costs after judgment, such order being considered and treated as an interlocutory order before judgment. *McHugh v. C. & N. W. Railway Co.*, 41 Wis., 79; *Cord v. Southwell*, 15 Wis., 211; *Smith v. Hart*, 44 id., 230. It is not the case of a " special proceeding," or a " summary application after judgment," nor does the order "involve the merits of the action or some part thereof," within the meaning of subds. 2, 4, sec. 3069, R. S. *Ernst v. Steamer Brooklyn*, 24 Wis., 616. 2. That the circuit court, on appeal from the decree of the county court admitting a will to probate, exercises

jurisdiction in equity. *Jackman Will Case*, 26 Wis., 104; *Chafin Will*, 32 id., 558; *Owen's Appeal*, 37 id., 68; *Carroll's Will*, 50 id., 437; *Clapp v. Fullerton*, 34 N. Y., 190. 3. That by the common law of England and of Wisconsin the contestant is entitled to her costs and expenses out of the general estate. By statute 17 Rich. II, c. 6, the chancellor had discretionary power to award " damages " (costs), without any restriction as to the amount to be paid by one party to another. That statute, unrepealed, became a part of the common law of this country. *Coburn v. Harvey*, 18 Wis., 147; *Kellogg v. Railway Co.*, 26 id., 267, 272; *Spaulding v. Railway Co.*, 30 id., 110. In the case of the *Hotchis Charity*, in 1572, the expenses of the litigation were paid out of the fund; and an unbroken line of decisions in the English courts shows that the doctrine is part of the common law. Dwight's Argument in *Rose Will Case,* vol. 2, pp. 35, 445; *Webb v. Claverdon*, 2 Atkyns, 424; *Berney v. Eyre*, 3 id., 387; *Wright v. Wright,* 5 Sim., 449; *Pearson v. Pearson,* 1 Sch. & Lef., 12; *Jolliffe v. East*, 3 Brown, 27; *Studholme v. Hodgson*, 3 P. Wms., 302; *Barrington v. Tristram*, 6 Ves., 345. The ecclesiastical courts of England, following the common-law rule, usually awarded costs to unsuccessful contestants of a will, and taxed the costs so as to cover reasonable counsel fees. *Edmunds v. Unwin*, 7 Ecc., 237, and cases there cited. The probate court adheres to the same rule. *Orton v. Smith*, 5 Eng., 518. Among the American cases following the same rule are the following: *Whitenack v. Stryker*, 1 Green's Ch., 8; *Day v. Day*, 2 id., 549; *Noe's Adm'r v. Miller's Ex'r*, 31 N. J. Eq., 234; *Drew v. Wakefield*, 54 Me., 291; *Abbott v. Bradstreet*, 3 Allen, 587; *Frost v. Belmont*, 6 id., 164. 4. That the cases in New York limiting the costs to the items specified by statute (*Rose v. Rose B. Ass.*, 28 N. Y., 184; *Downing v. Marshall*, 37 id., 380), being founded upon the peculiar provisions of their own statute, should not rule the decision of this court; and that any statute of this state derogatory to the

common-law rule should be strictly construed.   5. That there is nothing in the statutes of this state which forbids the allowance here complained of.   Our statute "of costs and fees allowed to parties in circuit court" (R. S., p. 771), contains no clause repealing generally all other statutes (laws) regulating costs and fees of attorneys, etc., in civil actions.   Moreover, the statute is confined to the costs of the prevailing party in civil actions at law; while in equitable actions the question whether costs shall be given to the prevailing party is left discretionary with the court, as it was at the common law.   Secs. 2918, 2920, R. S.·   The revisers, in their note to sec. 2918, say: "It also declares, as the law has always been understood to be, that in equitable cases costs are in the discretion of the court." It is evident, therefore, that they did not design to encroach in any way upon the powers of a court of equity in respect to costs in equitable actions.   Moreover, the provision in our statutes (sec. 2921, R. S.) that, "when allowed, costs shall be as follows," etc., has no reference to those costs allowed by the English courts as between solicitor and client, known as "damages" in the statute of Richard II above cited.   In Massachusetts, with a statute providing that "in all suits in equity .   .   .   in which no provision is expressly made by law, the subject of costs shall be wholly in the discretion of the court,   .   .   .   but no greater sum shall be taxed in such bill of costs than is allowed for similar charges in suits at common law," and with a fee bill limiting costs in civil cases, the courts have repeatedly followed the rule of the common law, and decreed costs and expenses as between solicitor and client to be paid from the estate.   R. S. of Mass., 1836, secs. 20, 32; *Bliss v. Am. Bible Soc.*, 2 Allen, 334; *Howland v. Greene*, 108 Mass., 283.   In this state we have a statute restricting the recovery of costs in actions by or against executors, to the amount that may be recovered by or against a person litigating in his own right, with a provision that such costs shall in general be chargeable upon the estate (R. S. 1858, ch. 133, sec.

49; R. S. 1878, sec. 2932); yet this is not considered as trench-ing upon the power of a court of equity to decree a reason-able allowance as between client and solicitor, to indemnify the executor when he has acted in good faith. *Heiss v. Mur-phey*, 43 Wis., 45. The rule is equally applicable to a contest-ant of the will acting in good faith. See remark of LYON, J., in *Estate of Kirkendall*, 43 Wis., on p. 177.  6. That it has been the general practice in this state, in cases of contested wills, where the contest is made in good faith and with prob-able cause, to order the costs of the litigation to be paid out of the estate (*Jackman Will, supra; Cleaver v. Cleaver*, 39 Wis., 96; *Downie's Will*, 42 id., 66; *Meurer's Will*, 44 id., 192; *Dodge v. Williams*, 46 id., 70, 106; *Cole's Will*, 49 id., 179), leaving the circuit court to award costs as between solicitor and client or party and party, or otherwise, as such court in its sound discretion may see fit.

CASSODAY, J.  The judgment of the circuit court, affirmed by this court, in terms gave full force and effect to the de-cision and order of the county court, and remitted to that court the subject matter of the trial, and the whole matter of the estate, together with all papers relating thereto, for fur-ther proceedings therein by said county court according to law.  By thus expressly sending back to the county court the entire subject matter of the litigation and the estate, with all the papers relating thereto, and with a mandate to that court to proceed further therein according to law, the circuit court would seem to have divested itself of all further authority over the litigation or the estate.  Even if the circuit court had authority to make an extra allowance to the contestant for counsel fees while the matter was pending in that court, yet it would be irregular to do so fourteen months after it had re-mitted the whole matter of the litigation and the estate to the county court.

Whatever may have been the early rule in England and

some of the states, in equity cases, yet the rule seems to have been settled in will cases in this state, for quite a number of years, that the amount of costs recoverable by a party is regulated wholly by statute, and that the only discretion given to the court is as to the party by or to whom the same shall be paid, and whether out of the fund or estate which is the subject of the controversy, or by the individual. *In re Jackman's Will,* 26 Wis., 143, 364. That, in effect, is the construction which this court placed upon section 36, ch. 117, R. S. 1858, which read: " In all cases that shall be contested, either in the county court or in the circuit court, such court may award costs to either party, in its discretion, to be paid by the other, or to be paid out of the estate which is the subject of the controversy, as justice and equity shall require." The provisions of the statutes then existing, as to costs, have been essentially preserved in the late revision.

Section 2918, R. S., tells when costs shall be allowed to the plaintiff of course. Section 2920, R. S., tells when costs shall be allowed to the defendant of course. Section 2921, R. S., states that when costs are allowed they shall be as therein prescribed. Section 2932, R. S., states that costs shall be recovered in actions prosecuted or defended by an executor, administrator, trustee of an express trust, or a person expressly authorized by statute, as in an action by or against a person prosecuting in his own right, unless otherwise specially provided; but that such costs shall be chargeable only upon or collected of the estate, fund or party represented, unless the court shall direct the same to be paid by the plaintiff or defendant personally, for mismanagement or bad faith in such action or defense. After thus regulating the costs to be recovered in all actions in the circuit court, we find, by going back to the last clause of subdivision 7, sec. 2918, R. S., this general provision: " But in all equitable actions costs may be allowed or not to any party, in the discretion of the court." This discretion seems to be limited to allowing or disallowing

In Re Patrick Carroll's Will.

to a party such costs as the other provisions of the statute prescribe, and not to be a discretion to fix an arbitrary amount according to the trial judge's notion of justice and equity in the particular case. The substance of the statutes referred to was mostly adopted in the code of this state. Chapter 120, Laws of 1856. By section 214 of that chapter, all statutes then existing, establishing or regulating the costs or fees of attorneys, solicitors and counsel in civil actions, were repealed. By section 219 of that chapter, the court was authorized to make an allowance in certain cases, not exceeding ten per cent., in addition to the fee bill prescribed; but that section was soon wiped out by legislative enactment, which showed their intent to have the amount of all costs regulated by statute. Chapter 227, Laws of 1881, was a still further limitation to prevent costs being awarded to an unsuccessful contestant of the will, except in the cases therein named.

It is urged that the order appealed from must be "considered and treated as an interlocutory order before judgment," and therefore could be reviewed only on an appeal from the judgment, notwithstanding it was not entered until after the judgment had been once affirmed in this court, and hence was no longer appealable. We are clearly of the opinion that it was appealable. See *Johnson v. Curtis*, 51 Wis., 595.

*By the Court.*— That part of the order and decree appealed from is reversed, and the cause is remanded with directions to enter an order in accordance with this opinion.