Selz and another vs. The First National Bank of Fort Atkinson, Garnishee, etc.

*March 19 — April 8, 1884.*

*Garnishment — Costs — Modification of judgment after term — Appealable order.*

Garnishment proceedings were dismissed, on motion, and the garnishee had judgment for taxable costs as in an ordinary action. That part of the judgment was reversed with an intimation that costs on the motion to dismiss might have been awarded. After the *remittitur* was filed in the court below the plaintiff discontinued the garnishment proceedings and paid the costs on such discontinuance, which were accepted by the garnishee. More than a year later the court ordered that the garnishee recover costs on the motion to dismiss, and disbursements. *Held:*

(1) The costs not having been incorporated into the judgment the court was powerless to supply the omission after the term.

(2) The order was appealable.

APPEAL from the Circuit Court for *Jefferson* County.

The case is thus stated by Mr. Justice CASSODAY:

" This case was here on a former appeal.   55 Wis., 225. On that appeal the judgment in favor of the garnishee for $59.86 attorney's fees and $7.05 clerk's fees, making $66.91, was reversed May 10, 1882, and the *remittitur* was filed in the court below August 12, 1882.   August 15, 1882, the plaintiffs successively served on the attorneys for the garnishee a notice of the filing of the *remittitur* and a discontinuance and dismissal of the garnishee proceedings, and paid to them two dollars for costs, which, with the one dollar paid and received by them on or about September 4, 1880, as appears from the record, made three dollars in all paid as costs of the garnishee.   November 3, 1883, the trial court, on motion of the attorneys for the garnishee, and in pursuance of a notice served by them on the attorneys for the plaintiffs, ordered that the said garnishee have and recover of the plaintiffs the sum of $10, costs of said garnishee's motion, made and entered June 16, 1881, dismissing the said garnishee proceedings, and further ordered that said garnishee have and recover of the plaintiffs, the said garnishee's disbursements, amounting to $7.05, fees for the clerk of said court due therein, and that the garnishee have execution therefor.   From that order the plaintiffs appeal."

For the appellants there were briefs signed by *Davis & Riess*, and oral argument by *T. R. Shepard*.

For the respondent the cause was submitted on the brief of *L. B. & C. A. Caswell*.

CASSODAY, J.   The remarks of Mr. Justice TAYLOR on the former appeal, as to the trial court allowing the garnishee costs on its motion to dismiss made in June, 1881, had reference to what might have been allowed on the determination of that motion and incorporated into the judgment then entered.   Having failed to then obtain such allowance

and incorporate the same into such judgment, the court was without power two years afterwards to supply the omission. *Loomis v. Rice,* 37 Wis., 262; *Latimer v. Morrain,* 43 Wis., 107; *Schobacher v. Germantown F. M. Ins. Co.,* 59 Wis., 86, and cases there cited. Especially is this so where the order for costs is made after the filing of the *remittitur* from this court *(In re Carroll's Will,* 53 Wis., 228), and after the judgment of the trial court has been reversed, and the proceeding or action has been discontinued, and the costs required by statute on such discontinuances have been paid and received, as here. The same is true with respect to the $7.05 clerk's fees, even had the garnishee voluntarily paid them, which is not claimed. Of course the plaintiffs are liable to the clerk for his fees.

It is urged that the order is not appealable. But it was not made until after judgment, and after the filing of the *remittitur* from this court, and is clearly appealable. *Johnson v. Curtis,* 51 Wis., 595; *In re Carroll's Will,* 53 Wis., 234; *In re Orton,* 54 Wis., 379; *Evans v. St. P. F. & M. Ins. Co.,* 54 Wis., 522.

*By the Court.*— The order of the circuit court is reversed.