HOP BITTERS MANUF'G CO. *v.* WARNER.

*(Circuit Court, E. D. Michigan. September 7, 1886.)*

EQUITY—AMENDING INTERLOCUTORY DECREE.

A motion to amend an interlocutory decree by striking out a material portion, upon affidavits of facts not put in evidence, will not be entertained.

In Equity. On motion to amend interlocutory decree in a trade-mark case.

In this case an interlocutory decree was entered on the fourth day of February, 1886, adjudging defendant guilty of infringing plaintiff's trade-mark, awarding an injunction, and referring the case to a mas-

[1] Reported by C. B. Taylor, Esq., of the Philadelphia bar.

ter to assess and report the damages sustained by plaintiff. On the twenty-third day of August defendant moved to strike out the clause in the decree awarding damages, and referring it to a master, upon affidavits showing gross laches on the part of the plaintiff in prosecuting its claim, and also that the manager of the plaintiff company had connived at defendant's infringements.

*George H. Lothrop,* for the motion.

*Alfred Russell,* for plaintiff.

BROWN, J. A motion to amend an interlocutory decree by striking out the award of damages, upon affidavits tending to show that if all the facts in the case had been put in evidence, and called to the attention of the court, a different decree would have been rendered, is a novelty in equity practice which we are not disposed to sanction. Errors in judgments or decrees are divided into errors clerical and errors judicial. The former may be amended even after term, provided the existence of such error is shown by the record, and not otherwise. *Hudson* v. *Hudson,* 20 Ala. 364; *Thompson* v. *Miller,* 2 Stew. 470; *Dixon* v. *Mason,* 68 Ga. 478; *Russell* v. *McDougall,* 3 Smedes & M. 234; *Atkinson* v. *Railroad Co.,* 81 Mo. 50; *Selz* v. *First Nat. Bank,* 60 Wis. 246; S. C. 19 N. W. Rep. 43. Errors judicial can only be amended upon rehearing or appeal. *Forquer* v. *Forquer,* 19 Ill. 68; *Stringer* v. *Anderson,* 23 W. Va. 482.

We have found no case which would justify us in altering this decree, upon motion, in a material particular, upon the evidence then before the court. Much less can it be done upon evidence sought to be injected into the case by affidavits. Defendant's only remedy, if at this late day he has any remedy at all, is to have the decree set aside, and move for leave to introduce the new testimony, and for a rehearing.