WISCONSIN CENTRAL COMPANY, Appellant, vs. KNEALE, Respondent.

*February 4 — February 24, 1891.*

*Eminent domain: Condemnation for gravel pit: Costs.*

1. It is incumbent upon a railway company, seeking to condemn land under the provisions of subd. 4, sec. 1828, R. S., for the purpose of obtaining gravel or other materials, when such taking is resisted by the land-owner, to show the necessity for taking it by sufficient evidence; and the statute clearly confers upon the judge or court the judicial power to determine the right of the corporation to take the lands asked for, as well as the necessity for taking them for such purpose.

2. Where the only findings by the court upon those questions are, in substance, that the directors of the company had decided it to be necessary to take the land specified; that it adjoins the company's line at a spur track; that it intends to take therefrom gravel to ballast its road, but that the taking would work great damage to the owner, and be injurious to the welfare of the people in that vicinity; that there are other places in the immediate vicinity of the road from which the company might obtain gravel; and that the taking from that land would be an unreasonable and oppressive exercise of the power of condemnation, the petition to condemn should be denied.

3. The proceeding by a railroad company for the condemnation of lands is a special proceeding, and not an "action," within the meaning of ch. 129, R. S., and, in the absence of any statute authorizing the allowance of costs in such a proceeding, none can properly be allowed to a land-owner who successfully resists such proceeding.

APPEAL from the Circuit Court for *St. Croix* County. The case is sufficiently stated in the opinion.

For the appellant there was a brief by *Howard Morris* and *T. H. Gill,* and oral argument by *Mr. Gill.* Among other things, they contended that the railroad company had the right to determine for itself what particular land should be taken, and that the court could only decide upon the necessity of taking land for the purpose specified,— the

suitability of the land proposed, and the quantity required,
but had no right to say that a particular tract should not
be taken, on the ground that it would impair the value of
the premises and interfere with their present use and con-
templated improvements, and would therefore be unreason-
able and oppressive. *Stockton & D. R. Co. v. Brown*, 9 H.
L. Cas. 246; *Deitrichs v. L. & N. W. R. Co.* 14 Neb. 361;
*Ford v. C. & N. W. R. Co.* 14 Wis. 609; *Eldridge v. Smith*,
34 Vt. 495; *Hill v. West. Vt. R. Co.* 32 id. 77; *Colo. E. R.
Co. v. U. P. R. Co.* 41 Fed. Rep. 299; *Chicago & W. I. Co.
v. Dunbar*, 100 Ill. 112; Pierce, Railroads, 146–148; *So. Chi-
cago R. R. Co. v. Dix*, 109 Ill. 244; *Forney v. F., E. & M.
Val. R. Co.* 33 Am. & Eng. R. Cas. 162, and note; *Mobile
& G. R. Co. v. Ala. Mid. R. Co.* 87 Ala. 501; Wood's Ry.
Law, 606; *State v. Rapp*, 39 Minn. 65. They also argued
that it was error to allow costs to the respondent, citing
numerous cases.

For the respondent the cause was submitted on the
brief of *Bashford & Disney* and *James A. Kellogg*. Upon
the point that costs were properly allowed to respondent,
they cited *Cornish v. M., L. S. & W. R. Co.* 60 Wis. 476;
*Aldrich v. Providence*, 15 R. I. 570.

TAYLOR, J.  This is an appeal from an order of the cir-
cuit court of St. Croix county, denying the petition of the
railroad company for the condemnation of certain lands
situate at Jewett's Mills, in said county, for the purpose of
procuring gravel for the construction and maintenance of
the railroad of said company.  The respondent, the owner
of the lands which the company sought to condemn for
such purpose, opposed the application, and sets forth at
length his reasons for opposing the same.  A trial was had
before the court as to the necessity for taking the particu-
lar land described in the petition of the company for the
purpose above mentioned, and, after hearing the testimony

of the respective parties, the court found certain facts, upon which it adjudged that it was not necessary to take the land in question for the purpose mentioned, and dismissed the petition. The company appeals from the order of the circuit court, and asks this court to reverse such order. The evidence upon which the findings and judgment are based, is not brought before this court. But the learned counsel for the company contend that upon the petition, the answer of the owner of the lands, and the findings of fact by the court, the company is entitled to take the land in question for the purpose mentioned in its petition.

The proceedings of the company are taken under subd. 4, sec. 1828, R. S. The learned counsel for the appellant claim that the necessity for taking the land in question is shown by the petition and findings of the court. It seems to us that upon no other possible theory of the case can the order and judgment of the circuit court be reversed. It is admitted that this court in a similar case, or one which involved the same legal propositions applicable to this case, decided that when the necessity for taking the particular land in question was denied by the owner of the land it was incumbent on the petitioning company to establish such necessity by sufficient evidence. *Wis. Cent. R. Co. v. Cornell University*, 52 Wis. 537. In that case Mr. Justice CASSODAY, after referring to the statutes which governed that case, and which govern the case at bar, concluded by saying: "As the land outside of the 100 feet cannot be condemned until the necessity is established by proof, it conclusively follows that the burden of making the proof is upon the party seeking the condemnation. Such has been the construction given to similar statutes in other states, and it is difficult to see how any one could have thought otherwise;" and cites *Rensselaer & S. R. Co. v. Davis*, 43 N. Y. 137; *In re New York Cent. R. Co.* 66 N. Y. 407. See, also, *Wis. Cent. R. Co. v. Cornell University*, 49 Wis. 162.

Wisconsin Central Co. vs. Kneale.

It does not seem that any other construction can be fairly given to our statute than that which was given to it in the case above cited. The statute, in giving the right to railroad companies to take lands necessary for their construction and operation, says the company shall have power "to lay out its road not exceeding one hundred feet in width, and to construct the same; *and for the purpose of cuttings and embankments, and of obtaining gravel or other materials, to take as much land as may be necessary to the proper construction, operation, and security of the road.*" It is under the part of the section italicised that the company claims the right to take the land in the case at bar. Under the provisions of the statute above quoted this court, in the case of *Wis. Cent. R. Co. v. Cornell University, supra,* has held that the right of the company to locate its road according to its own judgment, and to take 100 feet in width for its right of way, is a matter in the discretion of the company; but that as to all other lands to be taken, the necessity for taking the same must be alleged in the petition, and when denied it must be established by the evidence. This construction is strengthened and confirmed — if it needs strengthening or confirmation — by the provisions of sections 1845–1847, R. S., which direct and regulate the proceedings which the railroad company must take in order to acquire the lands necessary for the construction and operation of its road. In section 1846 it is provided, among other things, "that if such real estate is desired for the main line of the railroad, or in part for the main line and in part for station or building grounds, yards, or other purposes, said petition shall state that such corporation is duly incorporated; that it is its intention in good faith to construct the road authorized by its charter; that it has surveyed the route over the lands sought to be acquired for its main line, and has actually staked out the center line of its proposed road over the grounds desired for such main line "

[describing · the lands across which such main line runs], "and, in case a greater width than one hundred feet shall be desired to be taken across any track, it shall specify the width desired across said track, and the reasons therefor, and shall contain a description of the land sought to be acquired for depot, station, or building grounds, and the other purposes of such corporation," etc.   This petition is to be filed in the office of the clerk of the circuit court of the county where the lands sought to be taken are situated; and the section declares that the filing of such petition shall be the commencement of a suit in said court.   The section then provides for giving parties interested notice of a hearing upon such petition, and authorizes any party interested in the lands to be taken to show cause against granting the prayer of the petition, and then provides "*that the court or judge shall hear the parties interested, and may adjourn from time to time, as shall be convenient; and shall determine whether the railroad corporation is entitled to take the whole or any part of the lands sought to be acquired, and, if no sufficient cause is shown against granting the prayer of the petition, shall make an order,*" etc.   The part of the statute above italicised clearly confers upon the judge or court judicial power to determine the right of the corporation to take the lands asked for, as well as the necessity for taking the same when asked to be taken for any other purpose than for its right of way,— not exceeding 100 feet in width.   If, as the contention is on the part of the appellant company, the right to take the real estate desired and the necessity for taking it is to be determined by the company itself, it seems to us the legislature would have used different language from that found in the statute.

In the case at bar the only findings of the court upon the question of the necessity for taking the lands are the third, fourth, and fifth findings, which read as follows:

" (3) That the board of directors of said corporation, be-

fore the filing of the petition, by resolution declared it to be necessary to take the land and premises in question for the purpose of obtaining gravel and other materials to be used in the operation and construction of said road, and that it was the intention of the company in good faith to use the land for such purpose.

"(4) That the land sought to be condemned lies along the south side of a strip of land already owned by the petitioner, and used as a side track or spur track to a certain mill, and only adjoins the right of way of petitioner's main line at the south-westerly end, at the junction of such spur track with said main track, and it is outside of the one hundred feet of right of way of petitioner's main line.

"(5) That the petitioners intend to use the gravel and materials taken from the land in question for the purpose of ballasting their main line from Cylon, Saint Croix county, Wisconsin, to Saint Croix river, a distance of about twenty-four miles; and that said petitioners need suitable material for ballast for that part of the said main line."
All the other findings of fact tend to show that there is no necessity for taking the particular land in question for the purposes of gravel for the use of the road; that the taking would work a great and unnecessary damage to the property of the owner of the lands taken; that it would also be injurious to the general welfare of the people in its vicinity; and that there were other places for obtaining the gravel needed, on the line of its road in the immediate vicinity, and where the taking of land for that purpose would not be injurious to the public welfare or peculiarly injurious to the owners. The ninth finding of fact suggests at least a reason why the company seems anxious to take this land in preference to any other place on its line in that vicinity, and which might properly have weight with the court in refusing their application. It is suggested by counsel that the court has not found that there was no

necessity for taking the land in question, and for a failure to so find it became the duty of the court to appoint the commissioners as required by the statute. We think the conclusion which the court.comes to on all the evidence is equivalent to an express finding that it is unnecessary to take the land in question for the purposes required. The court makes his conclusion of law, after stating his findings of fact, as follows: "As a conclusion of law from the above facts I find that the taking of the land in question for the purpose of obtaining material for ballast would not be a reasonable exercise of the power of condemnation given to railway companies, but would be unreasonable and oppressive." This we think is sufficient to justify the court in dismissing the petition. To justify the court in granting the petition and appointing commissioners it was necessary that it should find that it was necessary to take the land in question. That is not found by the court, nor do the facts found show such necessity. The court was not authorized, therefore, to make any order except the one it did, dismissing the petition. This decision is not in conflict with the decision of this court in *Ford v. C. & N. W. R. Co.* 14 Wis. 609. In that case the land required was for a right of way, and not for any other porpose.

The learned counsel for the appellant insist that it was error on the part of the court to award costs to the respondent for his expenses of defending against the petition of the company. It would seem reasonable that the respondent should be compensated to some extent for his trouble and expenses in defending against the claim of the company, but the right to recover costs in any action or proceeding is a statutory right and not a common-law right. See *In re Carroll's Will*, 53 Wis. 228; *Potts v. Cooley*, 56 Wis. 49; *Baker v. State*, 69 Wis. 42. If, therefore, the statutes in regard to costs do not apply to a case of this kind, the court had no power to award them to the respondent.

There is nothing in the act which regulates these proceedings which awards costs to the successful party, or to either party. The only other general statute declaring when costs may be awarded to a party is ch. 129, R. S. 1878. This chapter only awards costs to a party to an *action*. Is the proceeding by the railroad company to condemn lands for its use an action within the meaning of said chapter? This question has been answered by this court in the negative. *Cornish v. M. & L. W. R. Co.* 60 Wis. 476; *Wis. Cent. R. Co. v. Cornell University*, 49 Wis. 162; *Milwaukee & N. R. Co. v. Strange*, 63 Wis. 182. These cases hold that a proceeding to condemn land by a railroad company is a special proceeding, and not an action, within the meaning of our laws in regard to actions and costs in such actions. We find no statute which authorizes the awarding of costs in special proceedings, unless it be in cases when such special proceedings are auxiliary to, or in some way connected with, an action at law or in equity, such as attachment, replevin proceedings, garnishment, or supplementary proceedings, or unless the statute giving the special proceeding authorizes the awarding of costs. The statute having omitted to provide for awarding costs in a proceeding of this kind, the court has no right to award them.

*By the Court.*— That part of the order of the circuit court appealed from, awarding costs to the respondent, is reversed; and that part of the said order dismissing the petition of the company is affirmed. The appellant will pay the costs in this court.