The T. T. HAYDOCK CARRIAGE COMPANY, Respondent, vs. PIER, Garnishee, Appellant.

*May 3 — May 24, 1892.*

*Voluntary assignment: Allowances to assignee under void assignment.*

Findings of the trial court as to certain allowances to be made to an assignee for disbursements under a void assignment, are *held* to be in accord with the evidence and the mandate of this court on a former appeal.

APPEAL from the Circuit Court for *Fond du Lac* County.

On December 22, 1887, one Bartell made an assignment for the benefit of creditors to the defendant, *Mrs. Pier.* On January 20, 1888, the plaintiff commenced an action against Bartell, and garnished the defendant, *Mrs. Pier,* and subsequently obtained a judgment against Bartell in the principal action for over $800. On the trial of the garnishee action it was found that *Mrs. Pier* had property in her hands, which she rightfully held under the assignment. That judgment in favor of *Mrs. Pier* as such assignee was reversed by this court on the ground that as the law then stood a married woman could not be an assignee for the benefit of creditors, for the reasons therein stated. 74 Wis. 582.

On the cause being remanded to the circuit court, an accounting was had therein of the amount of money in the hands of *Mrs. Pier* as such garnishee, to which the plaintiff was entitled, and it was found that she had received $606.04 from the assigned property, and claimed an allowance for disbursements on account of the assignment of $478.52. The court allowed her $114.35 for expenses in the care and sale of the property, rejecting the balance of her claim, and gave judgment accordingly. From that judgment she appealed to this court, and Mr. Justice Lyon, giving the opinion of the court, among other things, said: "The items in the defendant's account disallowed by the court are: (1) Cost of taking inventory; (2) postage, stationery, etc.; (3) costs in justice's and circuit court in the case of *White Sewing Machine Co. v. Kate Pier;* (4) attorneys' fees; and (5) costs and disbursements in this court on the former appeal in this action." And in the mandate of the court he said, in effect: "The judgment of the circuit court is reversed, and the cause is remanded with directions to determine the necessary sums paid by the defendant for taking inventory, for postage and stationery, and

for costs and disbursements in the replevin suit. The aggregate of these sums, when so ascertained, together with the $114.35 already allowed, will be deducted from the amount received by the defendant, to wit, $606.04, and judgment will be rendered for the plaintiff for the balance, with costs." .

Upon the cause being remitted to the circuit court, and after hearing the testimony therein, the court found as matters of fact that the plaintiff was entitled, in addition to the $114.35 mentioned, to the following items, to wit: $18.25 for costs of taking inventory; $4.25 additional printing, advertising, etc.; $2.30 postage, stationery, etc.; $10.12 costs in justice's court in *White Sewing Machine Company Case;* $64.75 general costs in the same case; $55 attorneys' fees in the same case; making $154.67, which, added to the amount previously allowed, makes a total of $269.02, to which the defendant was entitled. The court also found, among other things, as conclusions of law, that the defendant, *Mrs. Pier*, as such garnishee, was entitled to said last-named sum, and that the plaintiff was entitled to judgment against her for $337.02, being the balance mentioned, and interest thereon from January 21, 1888, besides the costs of this action. From the judgment entered accordingly the defendant appeals.

The cause was submitted for the appellant on the brief of *Kate H. Pier*, and for the respondent on that of *Edward W. Phelps*.

Cassoday, J. The decision of this case by this court on the last appeal left nothing for determination except "the necessary sums paid by the defendant for taking inventory, for postage and stationery, and for costs and disbursements in the replevin suit," the aggregate of which sums, when so ascertained, together with the $114.35 previously allowed to *Mrs. Pier*, it was there adjudged that she was entitled

to retain out of the moneys in her hands; and judgment was therein directed in favor of the plaintiff for the balance, with costs. *T. T. Haydock C. Co. v. Pier*, 78 Wis. 581–583. Thereupon the circuit court heard the respective parties and their proofs, and determined that the necessary sums paid by the defendant for the several purposes named amounted in the aggregate to $154.67, as mentioned in the foregoing statement, which sum, together with the allowance so previously made, amounted in the aggregate to $269.02. We think the findings so made were in strict accord with the evidence and the mandate on the former appeal.

*By the Court.*— The judgment of the circuit court is affirmed.