Dowling, Respondent, vs. The Fire Association of Phila-
delphia, Garnishee, Appellant.
Same, Respondent, vs. The Lancashire Insurance Company,
Garnishee, Appellant.
Same, Respondent, vs. The Farmers Fire Insurance Com-
pany, Garnishee, Appellant.
Reid, Murdock & Co., Respondent, vs. The Fire Associa-
tion of Philadelphia, Garnishee, Appellant.
Same, Respondent, vs. The Farmers Fire Insurance Com-
pany, Garnishee, Appellant.
Robertson, Respondent, vs. The Fire Association of Phila-
delphia, Garnishee, Appellant.
Same, Respondent, vs. The Farmers Fire Insurance Com-
pany, Garnishee, Appellant.
Conrad, Respondent, vs. The Fire Association of Phila-
delphia, Garnishee, Appellant.

*February 21 — March 14, 1899.*

*Garnishment: Costs: Discretion.*

1. A garnishee who denies liability and, upon trial of the issue, is suc-
cessful, is entitled to recover costs of the plaintiff under sec. 2772,
R. S. 1878, providing that, in case of a trial between plaintiff and
garnishee, if the plaintiff do not recover more than the garnishee
admitted by his answer, the latter shall recover costs.
2. Where in such a case the garnishee is entitled to costs the court has
no discretion to limit the amount thereof to a fixed sum, but they
should be taxed and allowed as prescribed by the general statute
(sec. 2921, R. S. 1878).

Appeals from judgments of the circuit court for Eau Claire
county: W. F. Bailey, Circuit Judge. *Reversed.*

These cases were reported by the judge of the Seventeenth
circuit as involving legal questions of such doubt and diffi-
culty as to warrant consideration and decision by this court.
The facts involved in each case are substantially the same,

except as herein stated. The several plaintiffs were creditors of Thomas F. Dowling. Actions were commenced, and the insurance companies summoned as garnishees. Each answered, denying liability. Issue was taken upon such answers. There was no formal consolidation of the actions, but, the issues being similar, the court directed that the several actions having the same plaintiff should be tried together, which was done, and a joint judgment in favor of such plaintiff and against the garnishees was rendered. Upon appeal these judgments were reversed, on the ground that the actions were prematurely brought and that the liability of the garnishees was contingent and not absolute. *Dowling v. Lancashire Ins. Co.* 89 Wis. 96. Stipulations were made by the attorneys in each action that the same should be dismissed with costs. Judgments were duly entered pursuant thereto, and costs were taxed, each garnishee being allowed only its proportionate share of the costs and disbursements incurred on the trial, besides such as were taxable for services separately performed. Plaintiffs moved to retax costs. In the three *Ann Dowling* cases the court reduced the costs from $256.51 to $104.96, not by disallowing items improperly included, nor by reducing separate items because in excess of the amount allowed by statute, but on the ground that the actions were equitable and the court had the power, in discretion, to reduce the amount to such sum as would seem fair and just. In each of the other cases the court reduced the amount from $48.72 to $8.35, basing its action on the same ground as in the other cases. The question certified is whether the action of the court was valid or invalid.

For the appellants there were briefs by *Doolittle & Shoemaker*, and oral argument by *L. A. Doolittle*.

For the respondents there were briefs by *Geo. C. & Fred A. Teall*, and oral argument by *Fred A. Teall*. They contended, *inter alia*, that it was an equitable action. *Delaney*

*v. Hartwig*, 91 Wis. 412. The matter of costs rested in the discretion of the court. *Massing v. Ames*, 38 Wis. 285; *Gilman v. Vaughan*, 44 Wis. 646; *Marsh v. Bellew*, 45 Wis. 36; *Spruhen v. Stout*, 52 Wis. 517; *Hill v. Durand*, 58 Wis. 160; *Carrier v. Atwood*, 58 Wis. 301; *Portz v. Schantz*, 70 Wis. 497; *Lego v. Medley*, 79 Wis. 211; *Shawano Co. Bank v. Koeppen*, 78 Wis. 533.

BARDEEN, J. The question certified by the circuit judge could easily have been answered by him, had he referred to the statute governing costs in garnishee actions, and the decisions of this court. Sec. 2772, R. S. 1878, provides: "In case of a trial of an issue between the plaintiff and any garnishee, costs shall be awarded to the plaintiff and against the garnishee, in addition to his liability, if the plaintiff recover more than the garnishee admitted by his answer; and if he do not, the garnishee shall recover costs of the plaintiff. In all other cases, under this chapter, not expressly provided for, the court may award costs in favor of or against any party, in its discretion." In these cases the garnishees denied liability. The plaintiffs took issue upon this answer and were defeated. The garnishees were put to the trouble and expense of a trial, and we see no reason why, under the terms of the statute, they should not be entitled to their costs. In *Baker v. Lancashire Ins. Co.* 52 Wis. 193, it was argued that the last clause of the statute quoted places the whole matter of costs in the discretion of the court, but the chief justice, in answering this contention, said: "But we agree with the plaintiff's counsel that this construction is not to be adopted, but that the court's discretion in allowing costs is subject to, and controlled by, other statutory provisions."

It being established that the garnishees were entitled to their costs, we are led to the inquiry whether the court had any discretion as to the amount that should be allowed.

Sec. 2921, R. S. 1878, provides that when costs are allowed they shall be as therein prescribed. Subd. 7, sec. 2918, says that in all equitable actions costs may be allowed, or not, to any party, in the discretion of the court. In construing this provision in *In re Carroll's Will*, 53 Wis. 228, this court said: "This discretion seems to be limited to allowing or disallowing to a party such costs as the other provisions of the statute prescribe, and not to be a discretion to fix an arbitrary amount, according to the trial judge's notion of justice and equity in the particular case." This construction was followed in *Hayes v. Douglas Co.* 92 Wis. 429, where it was said: "It was error to limit the amount of costs to be recovered to $30. The court had exhausted its powers over the matter of costs when it had determined that the plaintiff should recover them. The law determines the amount."

Referring to *T. T. Haydock C. Co. v. Pier*, 78 Wis. 579, we find it stated that in actions of this kind costs are not limited to $25, under sec. 2921, R. S. 1878, because they are not actions at law on contract. It follows, therefore, that the action of the circuit court was without warrant of law, and cannot be sustained.

*By the Court.*— The judgment in each of these several actions is reversed, and the cases are remanded with directions to enter judgments in favor of the garnishees for costs as originally taxed.