BROWN, Appellant, vs. McGEE's ESTATE, Respondent.

*February 24—April 17, 1903.*

*Executors and administrators: Revocation of appointment by re-
versal of order 'admitting will to probate: Claim for expenses,
etc., how allowed.*

1. On appeal to the circuit court an order of the county court ad-
   mitting a will to probate was reversed on the ground that the
   county court had no jurisdiction because the testator was a resi-
   dent of another county at the time of his death.  *Held* that,
   while such reversal operated to revoke the appointment, by said
   county court, of an administrator with the will annexed, yet it
   does not follow that the person so appointed is not entitled to
   be reimbursed for moneys theretofore expended and services
   theretofore rendered by him in good faith in pursuance of such
   appointment.
2. The claim for such reimbursement, however, cannot be allowed
   as a claim against the decedent under sec. 3838, Stats. 1898, but
   must be presented in an administrator's account and allowed, if
   at all, as a part of the expenses of administration.

APPEAL from a judgment of the circuit court for Columbia
county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

It appears and is undisputed that the testator, Edward
McGee, formerly lived in Fond du Lac county, and then
moved to and became a resident of Waushara county, where
he died testate.  Thereupon his widow presented a petition
in due form to the county court of Fond du Lac county, pray-
ing that an instrument in writing, purporting to be the last
will and testament of Edward McGee, deceased, be admitted
to probate.  After due notice such instrument was admitted
to probate by the county court of Fond du Lac county, with-
out objection, and at the request of the widow, the plaintiff,
*G. Frank Brown,* was appointed administrator of the estate
with the will annexed, by that court.  *Brown* qualified as
such administrator, and letters of administration were issued
to him by that court.  Thereupon the heirs at law of said de-

ceased commenced proceedings in that court to revoke such
letters and the order appointing *Brown* as such administrator,
and finally the heirs at law appealed to the circuit court for
Fond du Lac county from the order, judgment, and decree
of the county court of Fond du Lac county admitting the will
to probate. Upon the hearing of such appeal, the circuit
court for Fond du Lac county found, among other things,
that the testator, Edward McGee, had changed his residence
from Fond du Lac county to Waushara county, and was a
resident of Waushara county at the time of his death, and re-
versed the decree of the county court admitting the will to
probate.

Afterwards certain proceedings were had in the county
court of Waushara county wherein and whereby the will was
admitted to probate in that county February 20, 1900, and
one Thomas Fearne was duly appointed administrator with
the will annexed, and he thereupon qualified as such, and let-
ters of administration were duly issued to him and he gave
notice to creditors as required by law. The claim of the
plaintiff was filed in the county court of Waushara county
within the time required by law for filing claims against the
estate of the deceased. Such claim was for $153.34, and was
for expenses incurred by the plaintiff while acting as such
administrator with the will annexed under such appointment
by the county court of Fond du Lac county. The county
court of Waushara county disallowed the claim, and the
plaintiff appealed to the circuit court for Waushara county.
In the latter court, when the cause was reached, objection was
made to the reception of any evidence under the claim and,
to enable the court to make proper ruling thereon, facts were
stipulated, in addition to those above stated, to the effect
that the widow and administrator (plaintiff) acted in good
faith in attempting to have the will probated in Fond du Lac
county; that the county court of Fond du Lac county had no
jurisdiction to probate the will; and that the claim is a rea-

sonable one for the services rendered by the plaintiff while acting as administrator, if properly presented to the county court of Waushara county.

Upon the foregoing stipulated facts, found by the court, and after hearing counsel for the respective parties, and the court being of the opinion that the county court of Waushara county "had no jurisdiction to allow said claim in the form presented," and having sustained the objection to the reception of any evidence under the complaint, it was thereupon ordered by the circuit court of Waushara county that the appeal of the plaintiff from the order and judgment of the county court of Waushara county dismissing said claim of the plaintiff against the estate of Edward McGee, deceased, be dismissed, and that the estate of Edward McGee have judgment against the plaintiff for its costs and disbursements in this action; and judgment was thereupon ordered accordingly. From the judgment so entered the plaintiff appeals.

For the appellant there was a brief by *Duffy & McCrory,* and oral argument by *J. H. McCrory.*

For the respondent there was a brief by *Edward P. Kileen,* attorney, and *Lamoreux & Park,* of counsel, and oral argument by *Mr. Kileen* and *Mr. F. J. Carpenter.* To the point that the claim was in no event, in whatever form presented, a proper charge against the estate, they cited 1 Woerner, Administration (2d ed.) 417; *Bradley v. Comm.* 31 Pa. St. 522; *Haglar v. McCombs,* 66 N. C. 345; 7 Am. & Eng. Ency. of Law, 441.

CASSODAY, C. J. In support of the judgment it is claimed that the county court of Fond du Lac county had no jurisdiction to appoint the plaintiff administrator of the estate of Edward McGee, deceased, with the will annexed, and hence that the moneys expended and services rendered by him in such false and void administration constituted no just claim against the estate. The statute gives the county courts juris-

diction in "the probate of wills and granting of letters testa‑
mentary and of administration on the estates of all persons
deceased who were [are] at the time of their decease inhabi‑
tants of or residents in the same county," and in certain
other cases not necessary to mention. Sec. 2443, Stats. 1898.
"If the case be originally within the jurisdiction.of the county
courts of two or more counties, the court" first taking juris‑
diction retains it throughout. Sec. 2444, Stats. 1898. The
statute then provides:

"The jurisdiction assumed by any county court in any case,
so far as it depends on the place of residence of any person
or the location of his estate, shall not be contested in any ac‑
tion or proceeding whatever except on an appeal from the
county court in the original case or when the want of jurisdic‑
tion appears on the same record." Sec. 2445, Stats. 1898.
*Will of Slinger,* 72 Wis. 22, 25, 37 N. W. 236.

An appeal was taken from the order, judgment, and decree
of the county court of that county to the circuit court of Fond
du Lac county, where it was determined "that the county court
of Fond du Lac county had no jurisdiction to probate the will
of said deceased;" and that was based upon the finding "that
the *preponderance* of the evidence showed that Edward Mc‑
Gee had changed his residence from Fond du Lac county to
Waushara county, and was a resident of Waushara county at
the time of his death." Thus it appears that the circuit court
on appeal determined that the testator was a resident of
Waushara county, only after a controversy and upon the pre‑
ponderance of the evidence. There is nothing in the record
to indicate any "want of jurisdiction" in the county court of
Fond du Lac county, much less that there was any "want of
jurisdiction" apparent on the record of that court, as men‑
tioned in the section of the statute quoted. While the deter‑
mination of the circuit court for Fond du Lac county that the
county court of that county had no jurisdiction to admit the
will to probate operated to revoke the appointment of the
plaintiff as administrator, yet it does not follow that the

plaintiff is not entitled to be reimbursed for the moneys he had in good faith expended and the services he had in good faith rendered, in pursuance of his appointment. *T. T. Hay-dock C. Co. v. Pier,* 74 Wis. 582, 43 N. W. 502; *S. C.* 82 Wis. 316, 52 N. W. 314; *Northwestern I. Co. v. Land & R. I. Co.* 92 Wis. 487, 66 N. W. 515; 11 Am. & Eng. Ency. of Law (2d ed.) 1279. See, also, the statutes as to the effect of the revocation of letters testamentary or of administration. Secs. 3815, 3817, Stats. 1898. After the will was admitted to probate in Waushara county, letters of administration with the will annexed were issued to Thomas Fearne, who qualified as such administrator, and thereupon notice was given to creditors to present their claims against the estate, as required by the statute. Sec. 3840, Stats. 1898. That made it the duty of the county "court to receive, examine and adjust the claims and demands of all persons against the deceased." Sec. 3838, Stats. 1898. In construing that section, this court has held that the claims thus referred to are limited to "such as existed at the time of the death of the decedent or result from contracts made by him, and do not include claims or liabilities incurred by the personal representative in execut-ing the trust." *McLaughlin v. Winner,* 63 Wis. 120, 23 N. W. 402; *Reinig v. Hartman,* 69 Wis. 28, 32 N. W. 639. Notwithstanding that statute, as so construed, the plaintiff presented his claim as one existing against the deceased. Neither the county court nor the circuit court for Waushara county refused to allow the claim on the ground that it was without merit or ought not to be paid, but seemingly upon the ground that the county court was not called upon to act upon it when presented in that way and upon such notice. If the plaintiff's claim, or any part of it, is to be allowed, it must be as a part of the expenses of administration. The statutes provide for the allowance to the administrator of compensa-tion, commissions, and necessary expenses, including costs paid by him. Secs. 3929, 3930. But the statute also pro-

vides that the administrator shall render his account as therein required, and "from time to time, as may be required by the county court, until the estate shall be wholly settled;" and then provides that, before such account "shall be allowed, notice shall be given to all persons interested of the time and place of examining and allowing the same," as therein prescribed. Secs. 3927, 3931. It also provides for the settlement of the unsettled accounts of deceased administrators upon like notice. Sec. 3934. No such notice was given in the case at bar, and so the plaintiff's claim was never properly presented to the county court, and consequently never determined nor considered by that court nor by the circuit court. In *Miller v. Tracy,* 86 Wis. 330, 56 N. W. 866, this court had occasion to consider the personal liability of an administrator for beneficial services rendered by an attorney who had never in fact been employed. Such being the record, the plaintiff is not to be regarded as barred from a proper presentation of his claim by anything herein decided.

*By the Court.*—The judgment of the circuit court is affirmed.