FERGUSON, Administrator, Appellant, vs. WOODS, Respondent—(MCINTYRE's ESTATE).

*March 16—April 5, 1905.*

*Executors and administrators: Judgment against, for costs: Priority of payment.*

Where an administrator was duly authorized, under secs. 3811, 3813, Stats. 1898, to bring an action to recover assets alleged to be a part of the estate of his decedent, and a judgment was recovered against him therein for costs and disbursements, such costs and disbursements were a part of the necessary expenses of administration, within the meaning of sec. 3852, payable out of the assets of the estate, with priority over general debts of the decedent.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed*.

This is an appeal from a judgment of the circuit court requiring *H. T. Ferguson*, as administrator of the estate of Mary McIntyre, deceased, to pay a judgment against him as such administrator and in favor of *Mary Ann Woods*. Issue being joined and trial had, the circuit court found, as matters of fact, in effect: (1) That May 24, 1901, *H. T. Ferguson* was appointed by the county court special administrator of the estate of Mary McIntyre, deceased, and qualified as such; (2) that May 31, 1901, by order of the county court, he was authorized to commence suit against *Mary Ann Woods* to recover certain assets alleged to belong to the said estate; (3) that June 11, 1901, *Ferguson*, as such administrator, commenced such suit in the circuit court; (4) that July 6, 1901, *Ferguson* was appointed administrator of the estate and qualified as such, and has since acted as such administrator; (5) that February 5, 1903, that action was tried in the circuit court, and at the close thereof was dismissed, and judgment was entered in the circuit court in favor of *Mary Ann Woods* for her costs and disbursements

therein, taxed at $121.85, and that she recover the same against such administrator; (6) that August 18, 1903, an order was served on *Ferguson* requiring him to show cause why the amount of that judgment should not be paid out of the estate as part of the expenses of administration; (7) that November 11, 1903, that judgment was certified by the circuit court to the county court; (8) that November 11, 1903, *Ferguson* answered such order to show cause in the county court, and upon the hearing in that court it was adjudged that the amount of such judgment be paid to *Mary Ann Woods,* or her attorney, out of the estate, as part of the expenses of administration; (9) that *Ferguson,* as such administrator, appealed therefrom to the circuit court.

And as conclusions of law the court found, in effect, that the judgment for costs recovered by *Mary Ann Woods* against *H. T. Ferguson,* as administrator of the estate of Mary McIntyre, deceased, in the circuit court, is entitled to be paid out of the estate of Mary McIntyre, deceased, as a part of the expense of administration; that the order of the county court appealed from be, and the same was thereby, affirmed, and judgment was ordered to be entered thereon accordingly, with costs in favor of the said *Mary Ann Woods.* From the judgment entered thereon accordingly the administrator, *Ferguson,* appeals.

For the appellant there was a brief by *O. W. Bow,* and oral argument by *H. T. Ferguson.* They contended, *inter alia,* that under sec. 3847, Stats. 1898, the judgment against the administrator should be "paid as other claims duly allowed against the estate." This section and the two preceding it are clearly intended to provide for the payment of judgments rendered against administrators in all actions defended or prosecuted by them. All ordinary remedies for the collection of such judgments have been abolished. See secs. 3256 and 2932, Stats. 1898.

For the respondent there was a brief by *Fiebing & Killilea*, and oral argument by *W. F. Adams*.

CASSODAY, C. J.   This court has repeatedly declared that the right to and liability for costs in any action or proceeding in this state is regulated and governed entirely by the statutes. *In re Carroll's Will*, 53 Wis. 228, 233, 10 N. W. 375; *Wis. Cent. Co. v. Kneale*, 79 Wis. 89, 95, 48 N. W. 248; *Nash v. Meggett*, 89 Wis. 486, 494, 61 N. W. 283; *Estate of Cole*, 102 Wis. 1, 11, 78 N. W. 402; *Dowling v. Fire Asso.* 102 Wis. 383, 386, 78 N. W. 581; *In re Donges's Estate*, 103 Wis. 497, 513, 79 N. W. 786; *In re Will of Healy*, 108 Wis. 632, 84 N. W. 835; *McMahon v. Snyder*, 117 Wis. 463, 467, 94 N. W. 351.   Pursuant to the statutes, such administrator was expressly authorized by the county court to commence the action he brought in the circuit court to recover certain assets alleged to be a part of the estate of Mary McIntyre, deceased.   Secs. 3811, 3813, Stats. 1898; *Jones v. Graham*, 80 Wis. 6, 10, 49 N. W. 122.   But the administrator was beaten in that action, and judgment was entered therein in favor of *Mary Ann Woods*, dismissing the action and for costs and disbursements, as mentioned in the foregoing statement, to be recovered from *Ferguson* as such administrator.   The entry of such judgment seems to have been in strict accordance with the statute which provides, in effect, that in an action prosecuted or defended by an administrator, "unless otherwise specially provided, costs shall be recovered as in an action by and against a person prosecuting or defending in his own right; but such costs shall be chargeable only upon or collected of the estate, fund or party represented, unless the court shall direct the same to be paid by the plaintiff or defendant personally, for mismanagement or bad faith in such action or defense."   Sec. 2932, Stats. 1898.   Here, there is no claim of any "mismanagement or bad faith," much less any direction of the

court that the administrator should be personally liable for such costs. *Wiesmann v. Brighton,* 83 Wis. 550, 53 N. W. 911. Another section of the statute relating to proceedings in county courts provides that:

"If the assets received by the executor or administrator, and which can be appropriated to the payment of debts, shall not be sufficient he shall, *after paying necessary expenses of administration,* pay the debts against the estate in the" order therein prescribed. Sec. 3852, Stats. 1898.

In construing this section of the statute it was said by the late Justice PINNEY, speaking for the court, that:

"Where the administrator makes payment of a claim for proper and necessary counsel fees or other proper expenses of administration, he can charge the same in his account and have it allowed at a reasonable amount and paid out of the assets of the estate in his hands, and such claim will have priority over the general debts of the decedent." *Miller v. Tracy,* 86 Wis. 330, 334, 56 N. W. 866; *Opitz v. Karel,* 118 Wis. 527, 536, 95 N. W. 948.

Since there was no "mismanagement" nor "bad faith in such action" against *Mary Ann Woods,* it follows that the costs incurred in that action were "necessary expenses of administration" within the meaning of the section last cited. Certainly, such costs were not a claim against Mary McIntyre within the meaning of sec. 3838, Stats. 1898. *Brown v. McGee's Estate,* 117 Wis. 389, 94 N. W. 363. Nor can that action be regarded as one pending at the time of the death of Mary McIntyre, within the meaning of secs. 3846, 3847, as claimed by counsel. The judgment is supported by the findings, and the findings are sustained by the evidence.

*By the Court.*—The judgment of the circuit court is affirmed.