C. W. BEGGS, SONS & COMPANY, Respondent, vs. ESTATE OF BEHREND, Appellant.

*January 16—February 3, 1914.*

*Executors and administrators: Accounting: Claim against administratrix allowed against estate: Appeal: Harmless errors.*

1. Where an administratrix continued the business of her decedent and in so doing bought goods which were necessary for the preservation of the estate, she was entitled to reimbursement in her final settlement.
2. Although in such case the indebtedness for the goods was one due from the administratrix and not from the estate, the allowance of the vendor's claim when filed against the estate

was not a prejudicial error, where the administratrix was also the sole heir, the estate was solvent, and all parties interested were before the court.

3. Violations of established rules or methods of procedure become material on appeal only when it is evident that they have impaired a party's right to a fair and impartial trial on the merits.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge.     *Affirmed.*

In 1910 C. W. Behrend died intestate and letters of administration were granted to his widow, who was his sole heir.     Deceased in his lifetime was engaged in the retail drug business, and after his death and pending the settlement of the estate the administratrix continued the business and, through her agent in charge of the same, bought a bill of goods from plaintiff amounting to $332, for which it filed a claim against the estate.     The county court allowed the claim and, upon appeal to the circuit court, the judgment of the county court was affirmed, and the defendant appealed.

For the appellant there was a brief by *Krugmeier & Heinemann,* and oral argument by *F. V. Heinemann.*

*Francis S. Bradford,* for the respondent.

VINJE, J.     The trial court found that the goods bought were necessary for the preservation of the estate, and the finding is sustained by evidence.     Such being the fact, the administratrix was entitled to reimbursement from the estate for the amount of the bill in her final settlement with it.

Appellant correctly contends that the indebtedness was one due plaintiff from the administratrix and not from the estate, and that this claim was not properly filed against the estate.     *McLaughlin v. Winner,* 63 Wis. 120, 23 N. W. 402; *Miller v. Tracy,* 86 Wis. 330, 56 N. W. 866; *Brown v. McGee's Estate,* 117 Wis. 389, 94 N. W. 363; *Ferguson v. Woods,* 124 Wis. 544, 102 N. W. 1094.     But since the county court had jurisdiction both of the settlement of claims

against the estate and of the allowance of expenses of admin-
istration, it was a mere irregularity to allow the latter under
the former; especially was this so since the administratrix
was the sole heir and the estate was solvent.    All parties in-
terested were before both the county court and the circuit
court and had ample opportunity to be heard on the merits.
So the error has not affected the substantial right of any party
and the judgment must be affirmed.    Sec. 3072m, Stats.
1913; *Crawley v. American Soc.* 153 Wis. 13, 139 N. W.
734.  Violations of established rules or methods of proced-
ure become material on appeal only when it is evident that
they have impaired a party's right to a fair and impartial
trial on the merits.    The 'Code and the court alike require
the brushing aside of all errors that do not affect substantial
rights.

   *By the Court.*—Judgment affirmed.